# ATLANTA, KNOXVILLE & NORTHERN RAILWAY COMPANY *v.* NEWMAN.

The petition sets forth no cause of action against the plaintiff in error, and it was error to overrule a general demurrer urged upon this ground.

Argued April 19,—Decided May 15, 1907.

Action for damages.   Before Judge Fite.   Gordon superior court.   May 12, 1906.

The suit was against the Atlanta, Knoxville & Northern Railway Company and the Louisville & Nashville Railroad Company. The petition alleges, that one Aubrey and others, as agents of the Louisville & Nashville Railroad Company, "approached petitioner and proposed that if she would give the said Louisville & Nashville Railroad Company a right of way through her lands, . . in consideration for such concession said railroad company would pay petitioner the sum of $100, and would further locate a station and establish one of its depots on the lands of petitioner;" that in pursuance of this agreement, "petitioner executed her deed conveying such right of way to the Louisville Property Company, a subsidiary corporation to the said Louisville and Nashville Railroad Company;" and "that the agents of the said Louisville & Nashville Railroad Company afterwards located said line of railroad through her lands; and it has graded said right of way ready for the track to be laid thereon, . . and it refuses to locate its station and depot, as agreed by its agents as aforesaid, on the

lands of petitioner." Petitioner also alleges various acts of trespass committed by the Louisville & Nashville Railroad Company in grading and constructing its road through her land; and, because of the failure to locate said station and depot upon her land, and by reason of said acts of trespass, she alleges that she has been injured and damaged in the sum of $4,000; and prays judgment against defendants for the same. The Atlanta, Knoxville & Northern Railway Company demurred to the petition, one of the grounds of the demurrer being that "said petition sets forth no cause of action against this defendant." The court overruled the demurrer, and the defendant last named excepted.

*King, Spalding & Little* and *Clay & Blair,* for plaintiff in error. *Thomas W. Skelly* and *R. J. & J. McCamy,* contra.

BECK, J. (After stating the facts.)

1. It is unnecessary to consider the grounds of the demurrer which allege that the petition is bad because of the misjoinder of causes of action ex contractu and ex delicto; for, upon consideration of the record, we have reached the conclusion that no cause of action against the plaintiff in error is stated in the petition, and it should have been dismissed as to this party. Treated as an action ex delicto, we search in vain for the allegation of a single wrongful act committed against the defendant in error by the plaintiff in error. The latter has never entered upon, touched, or come near the land of the complainant. So far as the allegations of the petition show, if tortious acts were committed upon her lands, they were committed by the Louisville & Nashville Railroad Company, and its employees; and they are not alleged to have been the agents of the plaintiff in error. If the pleader intended to set forth a cause of action ex contractu against the plaintiff in error, there was an entire failure to execute his intentions. There was no transaction pleaded to have taken place between the complainant and the Atlanta, Knoxville & Northern Railway Company, or any acts that established contractual relations between that company and the plaintiff; nor were the relations between that company and the Louisville & Nashville Railroad Company such that it became liable for the contractual obligations or the tortious acts of the latter company. True, there is in the petition a general allegation that the Louisville & Nashville Railroad Company, "acting under the charter of and by the permission and consent of the Atlanta,

Knoxville & Northern Railroad Company, sent out its agents, one Aubrey and others, for the purpose of procuring rights of way over the lands over which said line of railway was to run;" but every distinct allegation in the petition shows that in procuring the right of way over the plaintiff's land, the Louisville & Nashville Railroad Company did not act under or by virtue of any right or power conferred by any charter. No exercise of the right of eminent domain was threatened or attempted against petitioner. She could sell to the Louisville & Nashville Railroad Company a right of way, or other property, without any franchise or charter right on the part of that company. Having sold property to that company, it would be authorized to enter upon the same and proceed with the construction of its road. The right of the Louisville & Nashville Railroad Company to enter upon the lands conveyed by the defendant in error did not arise out of any charter privilege of the Atlanta, Knoxville & Northern Railway Company, but out of the conveyance of the defendant in error. And when she expropriated the land and conveyed it to the Louisville & Nashville Railroad Company, it was not done through the medium of a conveyance to the plaintiff in error, but through a conveyance to the Louisville Property Company, "a subsidiary company to the said Louisville & Nashville Railroad Company." "In the negotiations leading up to the agreement herein set out, as well as in the execution thereof, the said Aubrey acted as agent for the said Louisville & Nashville Railroad Company, who got the full benefit of the concession so made by petitioner." No several nor joint liability upon the part of the plaintiff in error was shown by the allegations of the petition, and the court below erred in refusing to sustain the general demurrer, urged upon this ground.

*Judgment reversed. All the Justices concur.*