## LOUISVILLE & NASHVILLE RAILROAD CO. *et al. v.* HURT.

The petition, when properly construed, set forth two separate and distinct causes of action, one of them arising ex contractu and the other ex delicto, and was subject to demurrer on the ground that there was a misjoinder of causes of action.

Argued June 20,—Decided August 10, 1907.

Action for damages. Before Judge Fite. Gordon superior court. December 18, 1906.

Julian F. Hurt sued the Louisville and Nashville Railroad Company and the Atlanta, Knoxville and Northern Railway Company, alleging, that the former company, desiring to complete its line of railroad through the county of Gordon, and acting under the charter of the latter company, and with its knowledge, permission, and consent, sent out agents for the purpose of procuring rights of way; that said agents approached the plaintiff, who represented himself and his sister, Mrs. Newman, and proposed, if plaintiff and his sister would give the company a right of way through their lands in the county named, that, in return for such concession, the company would locate one of its depots and stations on said land, and a town would grow up around it, and, in this way, the value of the land of plaintiff would be greatly enhanced; that believing such an arrangement would be of advantage, and not knowing just where the line of road would run, plaintiff and his sister executed and delivered deeds, conveying rights of way to the Louisville Property Company, a subsidiary corporation of the first named defendant for the purpose

of acquiring and holding real estate that it might need in the construction of its railroad. While petitioner does not charge that the agents of the defendant intentionally misled him, it is charged that he believed the statements and acted upon them, and would never have made the deed but for such statements, and that to repudiate the statements would amount to a fraud. The petition charges that the agents of the defendant located the line of road partly on the lands of the plaintiff and partly on the lands of his sister, and have graded and constructed the same ready for the laying of the track, and absolutely refuse to locate a station or depot, either on the land of himself or of his sister. The land taken by the railroad amounts to two acres, and is worth at least $100 per acre. In grading the line the plaintiff was further damaged $500 by the diversion of the waters of a creek and by the manner in which the culverts were constructed. To this petition each of the defendants filed separate demurrers, both general and special. In each of the demurrers the point is made that there is a misjoinder of causes of action; there being two causes of action alleged, one arising out of contract and the other out of tort. The demurrers were overruled, and the defendants excepted. The trial resulted in a verdict in favor of the plaintiff, and the defendants excepted also to a judgment overruling a motion for a new trial.

D. W. Blair, F. A. Cantrell, and F. C. Tate, for plaintiffs in error. T. W. Skelly and R. J. & J. McCamy, contra.

COBB, P. J. (After stating the facts). It is conceded by counsel that under the ruling in Atlanta, Knoxville & Northern Railway Company v. Newman, 128 Ga. 281, 57 S. E. 514, the petition set forth no cause of action against the Atlanta, Knoxville & Northern Railway Company. The judgment, therefore, will be reversed in any event so far as that company is concerned. Treating the petition as one in which suit against the Louisville and Nashville Railroad Company alone is brought, is it subject to the objection that it sets forth two causes of action, one ex contractu and the other ex delicto, and is therefore subject to demurrer upon the ground that there is a misjoinder of causes of action? The concluding paragraphs of the petition unquestionably set forth a cause of action ex delicto. This is conceded. The question is, what is the character of the cause of action set forth

in the first part of the petition, which relates to the agreement to build a depot and establish a station on the land of the plaintiff? The definite allegation of the petition is that the defendant, through its authorized agents, agreed to do this. If they did, the undertaking amounted to a contract between the parties. They have refused to do it, and hence there has been a breach of the contract, and damages are claimed for this wrong. Unquestionably if the agreement between the railroad company and the plaintiff was an enforceable contract, the plaintiff, in an action ex contractu, could recover damages for its breach. But counsel say that their petition, properly construed, is not brought for a breach of the contract. Their contention is that the defendant obtained the plaintiff's land by fraudulent misrepresentations, and that they have a right to bring an action for damages and make it pay for the land taken. Counsel do not characterize the form of action which they claim the petition sets forth, but in the way in which it is described by them it must be considered as in the nature of an action for deceit; a cause of action made up out of the two elements of fraud and injury. The basis of the cause of action, whatever it may be, is the contract. The right of action of the plaintiff must therefore be one that can be enforced either in an action ex contractu for a breach of the contract, or in an action for a tort arising out of a breach of some duty which the contract imposes. As was said by Presiding Justice Lumpkin, in *Louisville & Nashville Railroad Co.* v. *Spinks,* 104 *Ga.* 695: "Every person who makes a contract of any kind is, of course, under a duty of performing it; but it would never do to hold that every breach of a civil contract, though necessarily in a sense involving a breach of the duty thereby imposed, would give rise to an action ex delicto." In order to sustain that part of the petition which relates to the agreement to locate a station, it will be necessary to construe the suit as a cause of action for deceit, or in the nature thereof. Before this can be done, it must appear that there was actual fraud in the statements relied on. The petition expressly negatives intentional fraud. We do not think that the petition can be properly construed as setting forth a cause of action as for a deceit. It is an action for the damages resulting from a failure to comply with the contract. There is no duty alleged growing out of the contract, except merely the

duty of performance in manner and form as the contract provides for. If an action of tort would lie in this case, then an action of tort would lie in any case where the vendee of the land refuses to pay the purchase-money. Properly construed, the petition set ·forth two causes of action, one ex contractu and the other ex delicto, and was subject to the demurrers urged against it.

*Judgment reversed. All the Justices concur.*