STEINBACH *v.* MARYLAND CASUALTY CO.

*Insurance—Action by third person against insurer—Section 9510-4, General Code—Claim against insured to be reduced to judgment, when.*

An injured person desiring to avail himself of a direct action against an insurance company, under Sections 9510-3 and 9510-4, General Code, as amended 108 Ohio Laws, pt. 1, 385, must first reduce his claim against the insured to final judgment.

(Decided November 10, 1921.)

ERROR: Court of Appeals for Franklin county.

*Mr. F. S. Monnett* and *Mr. F. G. Hoster,* for plaintiff in error.
*Mr. H. Frank Van Lill,* for defendant in error.

ALLREAD, J.   The question presented in this case is whether the person injured by the party holding casualty insurance may bring an action against the casualty insurance company without first reducing his claim to judgment against the assured.

The question arises under the Act of May 7, 1919 (108 O. L., pt. 1, 385), now Sections 9510-3 and 9510-4, General Code.   We quote these sections in full:

"Sec. 9510-3.   In respect to every contract of insurance made between an insurance company and any person, firm or corporation by which such person, firm or corporation is insured against loss or damage on account of the bodily injury or death by accident of any person for which loss or damage such person, firm or corporation is responsible, whenever a loss or damage occurs on account of a casualty covered by such contract of insurance, the

liability of the insurance company shall become absolute, and the payment of said loss shall not depend upon the satisfaction by the assured of a final judgment against him for loss, or damage or death occasioned by such casualty. No such contract of insurance shall be cancelled or annulled by any agreement between the insurance company and the assured, after the said assured has become responsible for such loss or damage or death, and any such cancellation or annullment shall be void.

"Sec. 9510-4. Upon the recovery of a final judgment against any firm, person or corporation by any person, including administrators and executors, for loss or damage on account of bodily injury or death, if the defendant in such action was injured against loss or damage at the time when the right of action arose, the judgment creditor shall be entitled to have the insurance money provided for in the contract of insurance between the insurance company and the defendant applied to the satisfaction of the judgment, and if the judgment is not satisfied within thirty days after the date when it is rendered, the judgment creditor may proceed in a legal action against the defendant and the insurance company to reach and apply the insurance money to the satisfaction of the judgment."

Sections 9510-1 and 9510-2 had been enacted to enable the injured employes, after attaining judgment against the insured employer, in cases of employers' liability insurance, to be subrogated to the remedies of the assured against the insurance company.

The purpose of the Act of 1919 was to enlarge the statute so as to apply to all casualty insurance and give a remedy to the injured person against the insurance company.

We think that both sections of the act should be construed together.

The purpose of the first section was to secure the right of the injured person against the casualty company, free from conditions usually found in insurance contracts and from the right of the insurance company to settle with the assured and cancel the policy after the responsibility against the assured attached.

We think the second section, 9510-4, prescribes the remedy. Neither section authorizes a direct action by the injured person against the insurance company without first reducing the claim against the assured to judgment.

The second section quoted requires a judgment against the assured as a basis of proceedings against the insurance company.

The demurrer to the petition was, therefore, properly sustained.

*Judgment affirmed.*

FERNEDING and KUNKLE, JJ., concur.