22477. LASTER *v.* MARYLAND CASUALTY COMPANY *et al.*

DECIDED FEBRUARY 25, 1933. REHEARING DENIED MARCH 4, 1933.

*Sims & Berman, J. W. Plunkett Jr.,* for plaintiff.
*Woodruff & Cox, Haas & Gambrell,* for defendants.

MacIntyre, J. In the instant case Carrie L. Laster (who was not a passenger of the Pace Bus Line) sued E. H. Pace, doing business as Pace Bus Line, and the Maryland Casualty Company, jointly, and alleged that the said casualty company carried liability insurance for E. H. Pace under the provisions of the motor-carrier law of Georgia, requiring compulsory insurance; and further alleged that the negligence of the Pace Bus Line proximately caused the alleged injuries of the plaintiff. There was only one count in the petition. The Maryland Casualty Company demurred to the petition, on the grounds that there was a misjoinder of causes of action; that there was a misjoinder of parties defendant; that there was no joint negligence on the part of defendants; and that the insurance policy was not attached to the petition.

The question for decision in this case is based upon the construction of section 7 of the motor common-carriers act (Ga. L. 1931, p. 199, 203), which provides: "No certificate shall be issued or continued in operation unless the holder thereof shall give and maintain bond, with adequate security, for the protection, in case of passenger vehicles, of the passengers and baggage carried, and of the public, against injury proximately caused by the negligence of such motor common carrier, its servants or agents; and in cases of vehicles transporting freight, to secure the owner or person entitled to recover therefor against loss or damage to such freight for which the motor common carrier may be legally liable; and for the protection of the public against injuries proximately caused by the negligence of such motor carrier, its servants or agents. The Commission shall approve, determine, and fix the amount of such bonds, and shall prescribe the provisions and limitations thereof, and such bonds shall be for the benefit of and subject to suit or action thereon by any person who shall sustain actionable injury or loss protected thereby. The Commission may, in its discretion, allow the holder of such certificate to file, in lieu of such bond, a policy of indemnity insurance in some indemnity insurance company authorized to do business in the State of Georgia, which policy must substantially conform to all of the provisions hereof relating to bonds, and must likewise be approved by the commission. The commission shall have power to permit self-insurance in lieu of a bond or policy of indemnity insurance, whenever, in its opinion, the financial ability of the motor carrier warrants." This section provides first for the

giving of a bond for the protection of passengers and their baggage, and of the public, against injury proximately caused by the negligence of such motor common carrier, and next to secure the owner or person entitled to recover therefor against loss or damage to freight, and for the protection of the public. The section further prescribes that such bond shall be for the benefit of, and subject to suit or action thereon by any person who shall sustain actionable injury protected thereby, meaning personal injury, and also that such bond shall be for the benefit of and subject to suit or action thereon by any person who shall sustain an actionable loss of his baggage or property for which the motor company may be legally liable under the bond. The word "injury" seems to refer to the person, and the word "loss" to baggage or property. This section still further provides that the commission may allow in lieu of such bond a policy of indemnity insurance. To indemnify whom? Why does this section require a bond or policy of indemnity insurance? Is it required for the benefit of the motor carrier? We think not. Then it must be required for the benefit of the passengers and the public. The passengers and the public being the beneficiaries which the statute seeks to protect and insure, we think the indemnity-insurance policy required by the statute is one of insurance against liability, and not insurance against loss by the common carrier.

There are no cases in Georgia bearing directly upon the construction of this statute. The case which we think nearest in point is that of Harrison v. Southern Transit Cor., 192 N. C. 545 (135 S. E. 460), in which the decision is based on a similar statute to the one under consideration. There the plaintiff was injured by a passenger-truck, and brought suit against both the transit company and the casualty company, which had executed its policy in pursuance of the statute (Pub. Laws 1925, c. 50, sec. 3, subd. sec. (g)), conditioned to indemnify passengers and public receiving personal injuries by negligence of the assured. The statute provided that the contract was for the benefit of and subject to action thereon by any person sustaining an actionable injury. It was held that the action could be maintained against both defendants, and that there was no misjoinder either of causes of action or of parties defendant; that where a contract indemnifies against liability for injuries to others, a right of action against both the principal and the surety accrues when injury occurs; but if the indemnity is clearly one

against loss by the assured, no action can be maintained against the indemnity company until some loss or damage has been shown.

It seems to us that the legislature had also in mind obviating the necessity for double litigation, for it gave the commission the right to fix the amount of the bond and to prescribe the provisions thereof. The motor-carrier could not prescribe the provisions of the bond, and was given no discretion in the matter, for the act was not seeking to have it insured against loss, but was seeking to protect passengers and public against injuries caused by the negligence of the motor carrier.

It may be said that the jury would give a larger verdict for the plaintiff if the insurance company was made a party defendant. Since the law requires a bond, the jury would presumably know that such was the law in any event. The Civil Code (1910), § 12, provides that suits on bonds of public officers "may be brought by any person aggrieved by the official misconduct of the officer, in his own name, in any court having jurisdiction thereof, without an order for that purpose." Under that section it has been held that a joint suit can be brought against the bond company and the officer without first obtaining a judgment against the tort-feasor, although there is no express provision therein authorizing a joint suit. *Mc-Collough* v. *Hand*, 16 *Ga. App.* 484 (85 S. E. 673) ; *Copeland* v. *Dunehoo*, 36 *Ga. App.* 817 (138 S. E. 267). The rule that "a cause of action arising ex contractu and a cause of action arising ex delicto can not be joined in the same suit" does not apply in the case at bar.

The petition as amended having alleged that the insurance policy was not attached thereto, by reason of the fact that it was beyond the control of the plaintiff and in the possession of E. H. Pace, and that a copy of the same was in the custody and control of the Maryland Casualty Company, joint defendant, and that the plaintiff would give notice to E. H. Pace to produce said policy and have it at the time and place of said trial or before said trial, and would also give notice to the Maryland Casualty Company to produce, and that as soon as said policy is produced the plaintiff will attach copy of the same to her petition, was not demurrable on account of the policy not being attached thereto. We hold that the plaintiff had the right, under the statute in question to bring his action jointly against the Maryland Casualty Company, insurer, and the bus com-

pany; and that the judge erred in sustaining the demurrer on the ground that there was a misjoinder of causes of action and a misjoinder of parties defendant.

*Judgment reversed. Guerry, J., concurs. Broyles, C. J., dissents.*

BROYLES, C. J., dissenting. It is well settled that a cause of action arising ex contractu can not be joined in the same suit with a cause of action arising ex delicto. *Wolff* v. *Southern Ry. Co.,* 130 *Ga.* 251 (60 S. E. 569); *L. & N. R. Co.* v. *Hurt,* 129 *Ga.* 234 (58 S. E. 706); *Herring* v. *Smith,* 141 *Ga.* 825 (2) (82 S. E. 132); Civil Code (1910), § 5521; 1 C. J. 1065, § 209; and that "distinct and separate claims of or against different persons can not be joined in the same action." Civil Code (1910), § 5515; *Carter* v. *La-Mance,* 40 *Ga. App.* 695 (151 S. E. 406); *Morris* v. *Swain,* 23 *Ga. App.* 430 (98 S. E. 358). Section 7 of the motor common-carriers act of 1931 (Ga. L. 1931, p. 199) provides that no motor carrier shall receive a certificate to operate unless it gives a bond or, in lieu thereof, a policy of *indemnity* insurance approved by the Georgia Public Service Commission, "for the protection, in case of passenger vehicles, of the passengers and baggage carried, and of the public, against injury proximately caused by the negligence of such motor common carrier, its servants or agents."

The section further provides that such bond or policy of indemnity insurance "shall be for the benefit of and subject to suit or action thereon by any person who shall sustain actionable injury or loss protected thereby." There is not in this section, nor in any other section of the act, any express provision authorizing a joint suit to be brought against the tort feasor (the offending common carrier, or its servants or agents) and its insurance carrier, as was done in the instant case; and the aforesaid statute, being in derogation of the common law, must be strictly construed. Under such a construction, the language in section 7 of the act of 1931, supra, in reference to the giving of a policy of indemnity insurance, does not make the insurance carrier generally liable with the tort-feasor, but contemplates that no action shall be brought on the policy of insurance until a final judgment has been obtained by the injured party against the insured. See, in this connection, Smith Stage Co. *v.* Eckert, 21 Ariz. 28 (7 A. L. R. 995); Elder *v.* Maudlin, 213 Iowa, 758 (239 N. W. 577); N. Y. Indemnity Co. *v.* Ewen, 221 Ky.

114 (5) (298 S. W. 182); Steinbach *v.* Maryland Casualty Co., 15 Ohio App. 392; 8 Couch's Cyc. Ins. Law, 6781-6789, § 2092a.

In my opinion the trial judge did not err in sustaining the demurrer of the Maryland Casualty Company to the petition and in dismissing the case as to that defendant.

ON MOTION FOR REHEARING.

MacIntyre, J. The contention in the motion for a rehearing that the result in this case might be different because a policy of indemnity insurance was given, and not a bond, is not sound. One of the provisions of the bond is that such bond shall be for the benefit of and subject to suit or action thereon by any person who shall sustain actionable injury thereby. The act further provides that in lieu of said bond a policy of indemnity insurance may be filed, which policy must substantially conform to all the provisions of the bond. Assuming that the commissioner did his duty (followed the statute), the contract in this case is what the statute prescribes, and whether the instrument be in the form of a bond or of a policy of indemnity insurance, we hold that it was the legislative intent to provide by this statute that one direct action could be maintained against the carrier and the insurance company.

*Rehearing denied.* *Guerry, J., concurs.* *Broyles, C. J., dissents.*