25563. GREAT AMERICAN INDEMNITY COMPANY *v.* DURHAM *et al.*

354

*Harold Hirsch, Marion Smith, Welborn B. Cody, Edward L. Cody,* for plaintiff in error.

*W. B. Mebane, T. J. Long,* contra.

Jenkins, P. J. ■ A misjoinder of parties is a defect which should be taken advantage of by special demurrer filed at the first term. *Burkhalter* v. *Peoples Bank,* 175 *Ga.* 744 (3) (165 S. E. 749); *Ga. R. Co.* v. *Tice,* 124 *Ga.* 459, 462 (52 S. E. 916, 4 Ann. Cas. 200); *Willingham* v. *Glover,* 28 *Ga. App.* 394 (111 S. E. 206), and cit. There being no demurrer to the instant petition, which was brought to recover automobile damages jointly against an individual motor carrier and the insurer, on an insurance policy given under the provisions of section 7 of the motor common-carrier act of 1931 (Ga. L. 1931, pp. 199, 203; Code, § 68-612), there is no merit in the contention of the insurer in this court that it could not be joined with the motor carrier in the same action on the policy. Moreover, the decisions of this court in *LaHatte* v. *Walton,* 53 *Ga. App.* 6 (184 S. E. 742), and *Laster* v. *Maryland Casualty Co.,* 46 *Ga. App.* 620 (168 S. E. 128), are controlling, and would determine the merits of this contention adversely to the insurer.

■ The general and special grounds of the insurer's motion for new trial, after a verdict of $200 in favor of the plaintiff, which are based on the specific contention that an express provision of the policy precluded suit against the company until the amount of liability should first be determined by a final judgment against the carrier alone, likewise are concluded, adversely to the insurer, by the recent decision in *Great American Indemnity Co.* v. *Vickers,* 53 *Ga. App.* 101 (185 S. E. 150). That case, like this, involved liability to a member of the general public by the same insurer of the owner of a motor truck under a similar policy provision, that "no action shall lie against the company to recover for any loss, . . unless it shall be brought to recover for loss . . the amount of which shall have been definitely determined, (a) by final judgment after trial of the is-

sue in an action against the insured, or (b) by agreement" between all the parties. The instant policy contains an additional provision, that "any specific statutory provision in force in the State in which it is claimed that the assured is liable for any such loss as is covered hereby shall supersede any provision in this policy inconsistent therewith." Section 7 of the motor common-carrier act requires the carrier to give a bond "for the protection in case of passenger vehicles, of the passengers and baggage carried, and of the public, against injury proximately caused by the negligence of such motor common carrier, its servants or agents;" and provides that "such bonds shall be for the benefit of, and subject to suit or action thereon by, any person who shall sustain actionable injury or loss protected thereby;" and that if a policy of indemnity insurance is given in lieu of such bond, it "must substantially conform to all of the provisions hereof relating to bonds." In the *Vickers* case it was held, that since such a bond or policy is given for the protection of the public, and the policy is one against liability, and since the intent and meaning of the statute permits a suit thereon jointly against the motor carrier and the surety on the bond or the insurer in the policy, the provisions of the act would be read into the policy and supersede any provision therein to the contrary. See also *American Surety Co. v. Googe,* 45 *Ga. App.* 108 (163 S. E. 293). Accordingly, under the *Vickers* decision, especially in view of the above specific provision of the policy, the insurer was subject to suit by an injured member of the public, directly on the policy, without the necessity of first suing and obtaining judgment against the carrier. The court did not err in refusing a new trial.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*