28116.   TARRANT *v.* DAVIS *et al.*

DECIDED APRIL 23, 1940. REHEARING DENIED JULY 20, 1940.

*E. W. Maynard, S. G. Jones,* for plaintiff.
*Martin, Martin & Snow,* for defendants.

GUERRY, J.   Maxine Tarrant brought her joint action in the superior court of Houston County against O. F. Davis, a resident of Bibb County, George Duhart, a resident of Houston County, and the American Casualty Company, for recovery for alleged personal injuries arising by reason of certain described negligence of Duhart, the agent of Davis, a motor common carrier. She charged

liability against Duhart as arising from his own acts of negligence, against Davis on the negligence of the agent imputable to him as principal, and against the American Casualty Company by virtue of its suretyship or contract of insurance issued to Davis protecting him against liability arising from his own negligence or that of his agents or servants. The petition alleged substantially that Davis was operating as a motor common carrier under the style of O. F. Davis Truck Line, and under a certificate issued by the Public-Service Commission of Georgia as provided by the Code, §§ 68-601 et seq.; that the plaintiff was injured on April 5, 1937, in a collision of a car in which she was riding as a passenger with a truck of the O. F. Davis Truck Line, which was being driven by Duhart as the agent of the truck line; that the injuries sustained were proximately caused by the negligence of the agent; that the O. F. Davis Truck Line was insured with the American Casualty Company under the Code, § 68-612 (Ga. L. 1931, pp. 199, 205; Ga. L. 1937, pp. 730, 731), against liability arising from its negligence or that of its agents or servants; and that the defendants were liable to her in the sum of $5000 as compensation for her injuries. The defendants demurred jointly to the petition, on the grounds (1) that there was "a misjoinder of parties defendant in that the liability of the defendants Duhart and Davis, if any, is ex delicto, whereas the liability of the defendant American Casualty Company, if any, is ex contractu;" and (2) that there was "a misjoinder of causes of action, in that the cause of action against defendants Davis and Duhart, if any, is ex delicto, whereas the cause of action against the defendant American Casualty Company, if any, is ex contractu." Upon the trial of the issues raised, the court held that the cause of action against the American Casualty Company was ex contractu, and that against the other defendants was ex delicto, and that the plaintiff "has the right to dismiss the alleged cause of action ex contractu or the alleged cause of action ex delicto. If either is dismissed before the call of the case, . . the demurrers of defendants are overruled. If plaintiff refuses to elect by the time named, the defendants' demurrers are sustained and the case is dismissed." The plaintiff refused to dismiss, and the order of the court became effective. The cause came before this court on exceptions assigning error on the order sustaining the demurrers and dismissing the action. Errors are assigned (1) in that attack by

demurrer could only be made by *separate* demurrer of each defendant denying, as to himself, that the liability was joint; and (2) in that the court improperly dismissed the plaintiff's petition because of misjoinder either of parties or of actions.

It will be noted that this court in *Laster* v. *Maryland Casualty Co.*, 46 *Ga. App.* 620 (168 S. E. 128), *LaHatte* v. *Walton*, 53 *Ga. App.* 6 (184 S. E. 742), and *Great American Indemnity Co.* v. *Durham*, 54 *Ga. App.* 353 (187 S. E. 891), decided, in view of the facts that the obligation of the surety to answer for the negligence of the motor carrier was determined by law, and that the insurance was against liability and not against loss to the motor carrier, that both principal and surety might be joined in the same action. A certiorari was applied for but denied by the Supreme Court in the *Laster* case. In *Great American Indemnity Co.* v. *Vickers*, 183 *Ga.* 233 (188 S. E. 24), it was decided that a separate action might be maintained against the surety or insurance carrier without joining the motor carrier, although such suit was based on the negligence of the motor carrier. The cause of action in that case was the negligence of the motor carrier, although the liability of the surety therefor was because of its contract of indemnity to members of the public. In *Russell* v. *Burroughs*, 183 *Ga.* 361 (188 S. E. 451), it was decided in a four-to-two decision that a joint action might not be brought against the motor carrier and the insurance carrier or indemnitor, because the liability of the motor carrier sounded in tort and the liability of the insurance carrier arose by contract insuring against tort. In *Russell* v. *Ogletree*, 184 *Ga.* 145 (190 S. E. 590), a divided court, which expressly pointed out the conflict with the decisions of the Court of Appeals cited above, followed its decision in *Russell* v. *Burroughs*, supra. The *Ogletree* case was decided on January 15, 1937. The General Assembly repealed the previous act of 1931, and re-enacted (March 12, 1937) with the further provision that a cause of action arising thereunder, whether in tort or contract, might be brought jointly against the motor carrier and the surety or insurance carrier.

The able trial judge, in his order requiring the plaintiff to amend or subject her suit to dismissal because the driver of the truck was joined as a party defendant, said that in the absence of express provision in the statute, authorizing the joinder of any but the motor carrier and the insurance carrier, the amendment can not

be construed to change the general and settled law of this State as to joinder of actions. In construing any statute the cardinal object to be kept in mind is the intention of the legislature, if that intention can be ascertained. "When the intention is ascertained, it governs, and the mere letter of a statute must yield to the spirit. . . There should be a reasonable construction, equally removed on the one hand from that extreme strictness which would make it unpopular or ridiculous and difficult of enforcement, and, on the other, from that latitude which would render it ineffective." *Roberts* v. *State*, 4 *Ga. App.* 207 (60 S. E. 1082). "One proper criterion for determining the meaning of a legislative enactment is to consider the general scheme and purport of the proposed legislation." *Pennington* v. *Douglas &c. Ry. Co.*, 3 *Ga. App.* 665, 678 (60 S. E. 485). In seeking to find this intention the courts should keep in mind the old law, the evil, and the remedy. *Barrett* v. *Pulliam*, 77 *Ga.* 552; Code, § 102-102 (9). The act under consideration, including the act of 1931 which was repealed and re-enacted, should be so construed as to give full effect to the legislative intent. "In the construction of an amending statute, the law amended, as well as the amending act, should be construed in such a manner as to give full effect to the legislative intent." *Atlantic Coast Line R. Co.* v. *Postal Tel. Co.*, 120 *Ga.* 268, 276 (48 S. E. 15, 1 Ann. Cas. 734). Judge Nisbet in *Bailey* v. *Lumpkin*, 1 *Ga.* 392, 403, said that the maxim "expressio unius est exclusio alterius" (the express mention of one thing implies the exclusion of another) applies rather in the construction of contracts than statutes. We think that the history of the legislation with reference to a particular subject-matter should be looked to in construing a statute. See in this connection *Acree* v. *State*, 122 *Ga.* 144, 146 (50 S. E. 180). The original act of 1931 as embodied in the Code, § 68-612, together with the decisions of this court and the Supreme Court in applying the act, are illustrative of the fact that the legislature was intending, in applying the provisions of this act, to abolish the distinctions between actions ex contractu and actions ex delicto. If, as held by the Supreme Court in the *Vickers* case, supra, an independent action might be filed against the insurance carrier, not on its contract but because of the tort of the motor carrier, the writer is unable to see in such a case why such action is not one sounding in tort. The law itself gives a right of action against

either the agent or the motor carrier, or both, in the same action. We can see no reason why the law should not apply in a case where the driver or agent of the insurance carrier is joined in the suit, nor can we believe the legislature so intended.

The present action was for alleged negligence of the driver of the motor vehicle. The plaintiff could have sued the driver alone, or the motor carrier alone, or she could have sued them jointly. She could have sued the insurance carrier alone or, as authorized by the act, she could have joined the motor carrier and the insurance carrier in the same action, irrespectively of whether it sounded in tort or in contract. The negligence relied on in each of the actions would have been the negligence of the driver of the motor vehicle. The driver himself was liable because of his own negligence. The motor carrier was liable because of the doctrine of respondeat superior. The insurance carrier was liable because it assumed by contract a liability for the negligence either of the motor carrier or of the agent or driver. Unless a cause of action is made out against the driver, under the allegations as here shown, there can be no recovery against any one. As stated above, the motor carrier is liable under the doctrine of respondeat superior. See *Southern Railway Co.* v. *Harbin,* 135 *Ga.* 122 (68 S. E. 1103, 30 L. R. A. (N. S.) 404, 21 Ann. Cas. 1011); *Davenport* v. *Waters,* 40 *Ga. App.* 99 (148 S. E. 772). The bond or policy required protects the public against the negligence of such driver. The negligence of the motor carrier is derivative from the negligence of the driver or agent. A judgment in favor of the driver, in the event he were sued alone, could be pleaded in bar to any subsequent action brought against the motor carrier or its surety or against them jointly. See *Roadway Express Co.* v. *McBroom,* 61 *Ga. App.* 223 (6 S. E. 2d, 460). In view of the fact that in this case there can be no recovery against the motor carrier or its surety except upon proof of the negligence of the driver, Duhart, and because the policy given by the insurance carrier is expressly designed to cover acts of negligence of the operator of the motor vehicle, and because the negligence of the motor carrier is itself derivative, we think it was the clear intent of the legislature not to exclude such driver from being joined in a suit which also named the surety or insurance carrier as a party defendant. While the act does not expressly name the driver or agent as one who may be joined in

such action, we think it would do violence to the spirit of the act to hold that he may not be joined, or that the surety or insurance carrier may not be joined because the driver is joined. The driver, under the facts alleged, is in privity with the motor carrier, and as such may be joined in any action brought against the motor carrier, even though its surety or insurance carrier be also joined therein. If a separate action may be maintained against the insurance carrier based on the negligence of the driver, we fail to see why such driver may not be made a party defendant, the same as the motor carrier. We hold that such was the legislative intent. The court erred in sustaining the demurrer.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*

ON MOTION FOR REHEARING.

GARDNER, J. Counsel for the movant contends that separate acts of negligence were alleged against the motor carrier, in which the driver had no part; and that for this reason the opinion is based on a wrong assumption. A careful reading of this petition convinces us that every act of negligence alleged against the motor carrier is also alleged against the driver, Duhart. Even so, we have expressly held that unless Duhart, a resident of Houston County, was liable, the motor carrier, a resident of Bibb County, could not be held liable in a suit filed against it in Houston County. In a suit filed in Houston County against a citizen of Bibb County because of alleged joint negligence with a citizen of Houston County, no judgment therein may be predicated against the citizen of Bibb County alone. Unless the liability is joint, the court loses jurisdiction of a citizen of another county.

*Rehearing denied. Broyles, C. J., and MacIntyre, J., concur.*