## 32590. PILOT FREIGHT CARRIERS, INCORPORATED *et al. v.* PARKS.

DECIDED OCTOBER 14, 1949.

*Andrews & Nall, Stanley P. Meyerson,* for plaintiffs in error.
*Dunaway, Riley & Howard, James M. Embry,* contra.

WORRILL, J. ■ The defendants demurred to the petition on two grounds, first that no cause of action was set forth, and second that there was a misjoinder of parties and causes of action in that the plaintiff sought to proceed in the same action with a suit sounding in contract against the defendant insurance carrier, and with a suit sounding in tort against the defendant driver, Green. In *Tarrant v. Davis,* 62 *Ga. App.* 880 (10 S. E. 2d, 636), it was held that the driver could be joined in the action against the carrier and the insurance company where the

action was brought upon the policy of insurance under Code (Ann. Supp.) § 68-612. The motion of the defendant that that case be reviewed and overruled is denied.

The petition stated a cause of action against the defendants as against the general demurrer and the trial court did not err in overruling it.

■ The motion in arrest of judgment was on the ground that the suit by the plaintiff wherein he joined in one action the defendant carrier and its driver with the insurance carrier constituted an election on his part to sue in contract and waive the tort, and that since the maximum liability stated in the policy of insurance sued on was only $5000, and the verdict being in excess of that amount was void because it was in excess of the limits of the policy. This contention is without merit. The trial judge in entering judgment against the defendant, American Fidelity & Casualty Company, provided therein that the judgment should be effective against that company only to the extent of $5000, the maximum liability stated in the policy of insurance upon which its liability was predicated. The principle supporting this ruling was stated in *LaHatte* v. *Walton,* 53 *Ga. App.* 6 (1b) (184 S. E. 742), where it was held that, "A joint action can be maintained under this act [Ga. L., 1929, p. 293, 297], though the amount sued for exceeds the liability assumed by the insurance company on its policy; the excess as to this company being subject to objection by special demurrer, or reducible to the amount of the policy by appropriate instructions from the court to the jury." We think that the action of the judge in this respect in this case was authorized by law and was within the principle ruled by the *LaHatte* case and the cases therein cited, and we do not think that he erred in overruling the motion in arrest of judgment.

■ In ground 5 of the amended motion for new trial error is assigned upon a portion of the charge of the court, to wit: "The plaintiff has filed an amendment in which he elaborates in some detail the nature of his personal injury that is claimed, he elaborates more in detail what his expenses were and what his losses were as to his earnings, as to doctor's bill and so forth." The plaintiff in error contends that the court expressed an opinion that the expenses, lost earnings, and doctor's bills set forth

in the amendment to the petition were true and correct, and erred in failing to charge the jury that the defendant was not required to answer said amendment, and in thereby inferring that the defendants admitted the items of damage therein mentioned. We cannot agree with these contentions. We do not think that the court expressed an opinion, or that the failure to charge that the defendant was not required to answer the amendment amounted to an inference that the defendant admitted such items of damage. There was no request to charge what the plaintiff in error contends should have been charged, and considering the charge as a whole, we do not think that the portion complained of amounted to an expression of opinion. "In order to determine whether a portion of the charge of the court is error, the charge must be construed as a whole." *Essig* v. *Cheves,* 75 *Ga. App.* 870 (6) (44 S. E. 2d, 712), and cits. The assignments of error as to the failure to give in charge stated propositions show no cause for reversal where such propositions, if legal and adjusted to the facts of the case, are covered by the general charge; and if any such propositions were desired, a timely request therefor should have been made. See *Spooner* v. *Cobb,* 155 *Ga.* 458 (2a) (117 S. E. 320).

■ Ground 6 of the amended motion for new trial assigns error upon the court's failure to charge the jury, even without request, substantially as follows: "Gentlemen, the plaintiff has filed an amendment to his petition in which he sets forth certain allegations to which your attention has been directed elsewhere in this charge. You are instructed that a defendant is not required to file an answer to an amendment filed to plaintiff's petition but the allegations of such amendment will be taken as denied." The plaintiffs in error contend that the court erred in charging as complained of in ground 5 of the amended motion and as dealt with in the preceding division of this opinion, and that the failure to instruct substantially in the language as aforesaid, in view of this other charge, was calculated to and did increase the size of the verdict to the defendant's prejudice. We think that the charge as a whole instructed the jury that it devolved upon them to determine all issues of fact including the items such as are contained in the amendment to the petition, and that for this reason the point made in ground 6 of the amended motion for new trial is not well taken.

■ Ground 7 of the amended motion for new trial assigns error upon the following charge of the court, to wit: "The plaintiff contends as another act of negligence on the part of the driver of the truck that there was in force and effect a city ordinance of Atlanta providing as follows: 'The operator of a vehicle approaching an intersection shall yield the right of way to a vehicle which has just entered the intersection.'

"The defendants admit the existence of the ordinance but they deny in their answer and their contentions here that the ordinance was violated by the driver of the truck, but, on the contrary, say that the ordinance was complied with. I charge you that if you find that this ordinance was violated that would constitute negligence as a matter of law. If you find that such violation was the proximate cause, or one of the proximate causes of the injuries sustained by the plaintiff, if he sustained injuries, then the plaintiff would be entitled to a verdict for damages unless barred of recovery by some other rule given you in charge. If you find that there was no violation of that city ordinance, then what I have had to say on that subject would have no application."

The plaintiffs in error claim that this charge was error because the first paragraph of the charge was incomplete in that it did not quote the entire ordinance pleaded; because the part of the ordinance not quoted was particularly applicable to the facts as shown by the evidence; and thus under a proper interpretation of the entire ordinance as applied to the evidence, the jury would have been authorized to find that the plaintiff was under a duty to yield the right of way at the intersection where and when the collision occurred; and because, had the ordinance been charged in its entirety, and explained by an additional charge, the jury might well have reached the conclusion that the defendants had the right of way at the intersection and have denied recovery to the plaintiff; and because the judge further confused the jury by charging at another place as follows: "Now, gentlemen, the defendants contend in this case that there was of force and effect in this State at the time of said alleged occurrence the following statutory provision, which provides as follows: 'Every person operating a vehicle upon the highways shall observe the following traffic rules and regulations: An

operator of a vehicle shall have the right of way over the operator of another vehicle who is approaching from the left in an intersecting highway, but shall give the right of way to an operator of a vehicle approaching from the right on an intersecting highway.'

"The defendant contends that the plaintiff at said time and place was violating said statute and contends that that was the cause of the injuries. On the contrary the plaintiff denies that he was in violation of said statute and says that he was complying with the same, that it did operate as to him, and denies all of the contentions of the defendant in that regard. I charge you that if you find that this statute was violated, that would constitute negligence on the part of the plaintiff as a matter of law. If you find that such violation was the proximate cause, or one of the proximate causes of whatever damage the plaintiff may have sustained, then the plaintiff would not be entitled to recover in this case. If you find that there was no violation of that statute, then what I have had to say on that would have no application in this case."

This charge was not error for any of the reasons assigned. The omitted part of the ordinance which the defendants complain the court failed to charge is: "When two vehicles enter an intersection at the same time the driver of the vehicle on the right shall have the right of way." It is argued in the brief of counsel for the plaintiff in error that to charge as the court did in this instance amounted to an expression of an opinion on the facts of the case, particularly in view of the difference in the wording in the two parts of the ordinance. We cannot agree with this contention. In the first place there was no evidence that the two vehicles involved in the collision arrived at the intersection at the same time. The charge was in the language of the ordinance and we do not think it is subject to the complaint that it amounted to an expression of an opinion as to the facts. If the defendants wanted the remaining part of the ordinance charged they should have requested it. Furthermore, if the contention that the second part of the ordinance should have been charged has any value, we think that the final contention in regard to the charge on the State law is not valid, and that the charge did not tend to confuse the jury, for the sub-

stance of the State statute charged was not in conflict with the city ordinance, but was exactly the same as the substance of the part of the ordinance which the defendant complains should have been charged, and the jury thus received in charge the complete rule of the road regarding the right of way at intersections, though quoted in part from a city ordinance and in part from a State statute. It seems to us that the defendant in one part of this ground of his motion for new trial complains because the court did not give in charge to the jury a rule governing the operation of motor vehicles at intersections, as laid down by the ordinance of the City of Atlanta, and in another part of the same ground complains because the court did charge the very same rule, as set out by a State statute. We do not think that the defendant can be permitted to maintain this patently inconsistent position. The charge must be considered in its entirety, and when so considered we think that it was full, complete and accurate, and sufficiently stated the contentions and relative rights and responsibilities of the respective parties.

■ The final special ground (8) of the motion for new trial complains of the admission, over the defendants' objections, of the following testimony for the plaintiff: "When I stopped and started across the intersection with the truck at the point it was in, I thought I had the right of way to cross that street ahead of the truck." It is claimed that this testimony was prejudicial to the defendants because, as the plaintiff contended, under the ordinance dealt with in the foregoing division of the opinion he had the right of way over the defendants' vehicle, whereas the defendant contended that, under a proper construction of the ordinance and of the State law, if the plaintiff should have reasonably anticipated that a collision would occur if he proceeded, then the defendant would be entitled to the right of way; and since the court gave no instructions as to the proper application of the law and ordinance, the jury was left in the dark as to the application and was allowed to consider as evidence the statement objected to. We do not think that this ground of the motion shows error. Conceding that the argument set forth in the ground of the motion logically shows error, this court held recently in *Parsons* v. *Foshee*, 80 *Ga. App.* 127 (55

S. E. 2d, 386) that, "A party is entitled to explain to the jury just what fact or thing motivated his actions and in view of the statement immediately preceding that objected to . . we think that . . [the statement] was sufficiently supported and explained by statements of facts to permit its consideration by the jury." In that case a similar statement by the plaintiff was objected to as being a conclusion, and while the objection herein is not the same as was there made, we think that the ruling is sufficiently applicable to control. In this case the plaintiff had previously testified in several different places that he had looked and seen the defendant's truck 75 yards from the intersection, and we think that it was competent for the plaintiff to testify that it appeared to him from this fact that he would have time to get across. We cannot see how such testimony could be prejudicial and hurtful to the defendant, and this ground of the motion fails to make a clear showing to that effect.

■ Upon a consideration of the general grounds of the motion and upon an examination of the evidence we have reached the conclusion that the verdict was supported by the evidence; and it having received the approval of the trial judge, his discretion in refusing a new trial will not be disturbed.

*Judgment affirmed. Sutton, C. J., and Felton, J., concur.*