**In re Walter L. PETRY and Sandra L. Petry, Debtors.**

**Bankruptcy No. B86–01654.**

United States Bankruptcy Court, N.D. Ohio, E.D.

Oct. 17, 1986.

Howard P. Kasdan, Kasdan & Baxter Co., L.P.A., Cleveland, Ohio, for movant.

Philip A. Marnecheck, Sheldon Karp Co., L.P.A., Cleveland, Ohio, for debtors.

## MEMORANDUM OF OPINION

JOHN F. RAY, JR., Chief Judge.

This cause is before the Court on the motion of Cleveland Metropolitan General Hospital ("Metro") for the abandonment of certain funds, the objection of debtors to the motion, briefs, exhibits and oral argument of counsel.

The funds in dispute, $5,435.30, are moneys received from Nationwide Insurance Company ("Nationwide") in settlement of a personal injury claim arising from a motorcycle accident involving debtor, Walter L. Petry. The accident occurred on September 18, 1985, and the debtor was in Metro from that date until September 23, 1985.

On September 27, 1985, debtor, Walter L. Petry, reentered Metro to have his appendix removed, and remained there until October 1, 1985. Debtor did not have the funds at that time to pay for either of these stays at Metro. In lieu of payment, the debtors executed two assignments to Metro of any future insurance settlement from his accident. These assignments were executed on September 30, 1985, one for $1,733.76 and the other for $3,701.54.

Debtors filed their Chapter 7 petition on May 30, 1986.

The insurance claim was settled on July 14, 1986, for a total of $12,500.00. Two drafts were issued by Nationwide, one made payable to the debtors and their attorney for $7,064.70, and the second made payable to debtors, their attorney and Metro for $5,435.30. No copy of the second draft has been provided.

Debtors object to the motion to abandon on the grounds that they have claimed the proceeds as property exempt under Ohio Revised Code Annotated section 2329.-66(A)(4)(a), (A)(12)(c) and (d) and (A)(17). This argument does not prevent abandonment of the property, but merely states that the estate has no interest to abandon. The argument of Metro is that by reason of the assignment of the proceeds to the extent owed Metro, the estate acquired no interest in the $5,435.30. The sole question is whether these proceeds become property of the estate. If they do not, then the exemption claimed by debtors does not apply.

The resolution of this dispute turns on whether the assignment of the future proceeds passed a property right in them, or is merely a right to be paid that may be enforced against Metro. The general rule is that an assignment passes title to the

proceeds or thing assigned at the time it is made. *Pittsburgh, Cincinnati, Chicago & St. Louis Railway Co. v. Volkert*, 58 Ohio St. 362, 50 N.E. 924 (1898); *Trivison v. Steiner*, 41 Ohio App. 35, 39, 179 N.E. 208 (1931); *See Ervin v. Garner*, 25 Ohio St.2d 231, 237, 267 N.E.2d 769 (1971); *Peterson v. Ohio Farmers Insurance Co.*, 175 Ohio St. 34, 37, 191 N.E.2d 157 (1963); *Wargo v. Superintendent of Building and Loan Assoc.*, 119 Ohio App. 243, 246, 199 N.E.2d 16 (1963).

Debtors have made a variety of arguments that this assignment is not valid. The cases cited for this proposition, *Volkert, supra,* and *Pennsylvania Co. v. Thatcher,* 78 Ohio St. 175, 85 N.E. 55 (1908), state only that no action was maintainable at *law,* but that one was available in *equity.* Of course, there is now only "one form of action ... [a] civil action" Fed.R.Civ.P. 2; Ohio R.Civ.P. 2.

■ Debtors also argue that this assignment is invalid because the right to payment was only a mere possibility, which is not assignable. This is incorrect. The cause of action existed at the time the assignment was executed. While the amount of recovery depended on later proof, the action existed and a share of it could be assigned. The cases cited by debtors concern assignments of an expected inheritance which are void, largely for reasons of public policy. *E.g., Hite v. Hite,* 120 Ohio St. 253, 166 N.E 193 (1929).

■ Finally, debtors argue that this assignment creates a lien, and that may be set aside as it was not properly perfected. This assignment is not a lien but a transfer of title. It does not create a security interest for the simple reason that it does not secure payment, but it is the payment of the obligation. *See* O.R.C. §§ 1309.04(E) and 1301.01(KK).

The facts in *Trivison, supra,* are closely analogous to this case. There a company had assigned its interest in proceeds to be received from a printing contract to Steiner. The court there held that this made him the owner of the proceeds once the contract was entered into. *Id.* 41 Ohio App. at 39, 179 N.E. 208.

■ The same facts are present here. Debtor assigned a share of any proceeds he received for his injuries to Metro, and Metro became the owner of those proceeds once the insurance settlement was reached. There being no property right in the debtors in those moneys that was good against Metro, the estate could acquire none. Therefore, the motion of Metro for abandonment of the proceeds is granted. It follows as well that debtors could not claim the proceeds as exempt. Therefore, the debtors and their attorney will be ordered to sign the draft and deliver it to Metro.