OPINION
{¶ 1} Appellant Knop Chiropractic, Inc. appeals the decision of the Canton Municipal Court, which granted summary judgment in favor of Appellee State Farm Insurance Co. in a dispute over appellant's patient's purported assignment of prospective claim proceeds. The relevant facts leading to this appeal are as follows.
 {¶ 2} Appellant is an incorporated chiropractic clinic which offers the treatment services of William Knop, D.C. In March 2000, Kenneth Raber was involved in a vehicle collision with Crystal Allen, an insured of Appellee State Farm. Raber, who lacked health insurance, thereafter sought chiropractic services from appellant. Raber's medical fees for said services eventually totaled $1850. As part of the billing arrangement, Raber executed an assignment document which provided in pertinent part as follows:
 {¶ 3} "I now assign, without any right to later revoke, a part of any proceeds from my claim equal to the fees incurred by me to this Clinic for all treatment and other services rendered by this Clinic. I amnot assigning any legal cause of action in My claim above, but only prospective proceeds. I also assign to the Clinic my right to enforce the obligation of any insurance company to pay settlement proceeds for any settlement agreement made by or for me in exchange for my signing such insurance company's release of claim. Prior to settlement or other disposition of My Claim, I understand and permit Clinic to pursue payment from any other source but me personally, including medical payments coverage in an automobile liability policy."
 {¶ 4} Raber subsequently made a claim against Allen, appellee's insured, for personal injury and property damage. Appellee received a copy of the assignment document and other pertinent records from appellant in mid-August 2000. However, appellee settled Raber's claim with him directly on November 14, 2000, for the sum of $5,575. Raber did not thereafter forward any sums to appellant; furthermore, Raber has since filed for Chapter 7 bankruptcy protection.
 {¶ 5} On November 27, 2002, appellant filed a complaint against appellee in Canton Municipal Court for civil conversion and failure to honor the aforementioned assignment. Appellee filed an answer and denial on December 26, 2002. On February 25, 2003, the parties entered into a court-approved agreement to submit the case on stipulated facts and merit briefs. On February 28, 2003, appellant and appellee each filed respective motions for summary judgment. On March 17, 2003, the trial court judge granted appellee's motion for summary judgment and overruled appellant's motion for partial summary judgment, citing as authoritySteinbach v. Maryland Casualty Co. (1921), 15 Ohio App. 392. The judgment entry also contained, inter alia, the following conclusions:
 {¶ 6} "Kenneth Raber had no existing right to money from defendant at the time the alleged assignment was created. He had been in an automobile accident with an insured of the Defendant, but he was `owed' no money by Defendant. In order to be entitled to `proceeds' that would be assignable, Mr. Raber had to prove liability and the existence of damages that proximately resulted from the accident. Furthermore, Defendant did not in any way assume responsibility as the surety or guarantor for Kenneth Raber. To do so would have required Defendant to expressly accept responsibility to pay Plaintiff."
 {¶ 7} On April 15, 2003, appellant filed a notice of appeal, and herein raises the following sole Assignment of Error:
 {¶ 8} "I. THE TRIAL COURT ERRED WHEN IT HELD THAT APPELLEE WAS NOT DIRECTLY LIABLE TO APPELLANT FOR DISREGARDING A WRITTEN ASSIGNMENT OF TORT CLAIM PROCEEDS FOR WHICH IT HAD PRIOR NOTICE."
 I. {¶ 9} In its sole Assignment of Error, appellant contends the trial court erred in granting summary judgment. We disagree.
 {¶ 10} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36. As such, we must refer to Civ.R. 56 which provides, in pertinent part: "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * *" A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
 {¶ 11} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421, 429, citing Dresher v.Burt (1996), 75 Ohio St.3d 280.
 {¶ 12} An assignment is a transfer to another of all or part of one's property in exchange for valuable consideration. Hsu v. Parker
(1996), 116 Ohio App.3d 629, 632 (citations omitted). "No particular words are required to create an assignment. Rather, `[a]ny word or transaction which shows an intention on the one side to assign and on the other to receive, if there is a valuable consideration, will operate [to create an assignment].'" Id., quoting Grogan Chrysler-Plymouth, Inc. v.Gottfried (1978), 59 Ohio App.2d 91, 96.
 {¶ 13} Both appellant and appellee direct us to the Ohio Supreme Court's decision in Pennsylvania Co. v. Thatcher (1908), 78 Ohio St. 175. In that case, a railroad company allegedly caused injury to Harley Mattison as a result of a railway accident. Mattison subsequently entered into a written agreement with Attorney Charles A. Thatcher to prosecute a claim against the railroad. Mattison therein stipulated that Attorney Thatcher should be paid for his services, either one-third of the amount recovered in case of settlement of the claim, or one-half of the amount recovered in case of trial. Mattison also assigned to Thatcher "an interest in the subject-matter of said claim equal to said fees." Thatcher thereafter wrote to the superintendent of the railroad that "[y]ou will please take notice that Mr. Mattison has assigned to me a portion of whatever may be paid, in suit or settlement, for services to be rendered in connection with said claim." Several months later, while Thatcher was out of town, Mattison went of his own accord to the railroad's main office in Toledo, and settled his claim for $3,000, which was paid to him at that time. When Thatcher learned of the compromise, he demanded that Mattison pay him $1,000 in fees per their agreement. After a period of negotiating, Mattison, teetering on insolvency, agreed to pay Thatcher just $300. Thatcher thereafter filed a court action against the railroad to obtain the remaining $700 of his fees. Thatcher obtained a judgment from the railroad; however, the Ohio Supreme Court subsequently reversed, holding, at the syllabus, citing Pittsburgh, Cincinnati,Chicago St. Louis Railway Co. v. Volkert (1898), 58 Ohio St. 362, that "[a]n equitable assignment to an attorney of an interest in the proceeds of a compromise of a cause of action in tort cannot be enforced in a suit at law, at the instance of the assignee, against the tort-feasor only."
 {¶ 14} Appellant correctly notes that neither Thatcher norVolkert announces a blanket proscription against a plaintiff's assignment of prospective judgment proceeds to a legal or medical services provider. Volkert, for example, holds that "[t]his right is not enforceable in a suit at law at the instance of the assignee against the judgment debtor only, but may be enforced in equity." Id. at paragraph two of the syllabus, emphasis added. Of course, "[u]nder our system of jurisprudence, the same court is vested with law and chancery jurisdiction." Fairlawn Heights Co. v. Theis (1938), 133 Ohio St. 387,393. Under present rules, there is only "one form of action . . . [a] civil action." Ohio R.Civ.P. 2. Our reading of Thatcher thus corresponds with appellant's suggestion that the holding in that case "* * * turns on [Plaintiff's] selection of the wrong remedy." Appellant's Brief at 13.
 {¶ 15} Appellant therefore challenges the trial court's reliance on Steinbach, supra, which the trial court cited in support of its conclusion that Raber had no existing right to compensation from Appellee State Farm at the time the assignment was created. In Steinbach, the Franklin County Court of Appeals reviewed sections 9510-3 and 9510-4 of the former Ohio General Code and concluded there existed no provision for a direct action by an injured party against the tortfeasor's insurance company without first reducing the claim against the insured to judgment. Id. at 394. The present version of the statutory guidance reviewed in Steinbach is R.C. 3929.06, which reads in pertinent part as follows:
 {¶ 16} "(A)(1) If a court in a civil action enters a final judgment that awards damages to a plaintiff for injury, death, or loss to the person or property of the plaintiff or another person for whom the plaintiff is a legal representative and if, at the time that the cause of action accrued against the judgment debtor, the judgment debtor was insured against liability for that injury, death, or loss, the plaintiff or the plaintiff's successor in interest is entitled as judgment creditor to have an amount up to the remaining limit of liability coverage provided in the judgment debtor's policy of liability insurance applied to the satisfaction of the final judgment.
 {¶ 17} "(2) If, within thirty days after the entry of the final judgment referred to in division (A)(1) of this section, the insurer that issued the policy of liability insurance has not paid the judgment creditor an amount equal to the remaining limit of liability coverage provided in that policy, the judgment creditor may file in the court that entered the final judgment a supplemental complaint against the insurer seeking the entry of a judgment ordering the insurer to pay the judgment creditor the requisite amount. Subject to division (C) of this section, the civil action based on the supplemental complaint shall proceed against the insurer in the same manner as the original civil action against the judgment debtor.
 {¶ 18} "(B) Division (A)(2) of this section does not authorize the commencement of a civil action against an insurer until a court enters the final judgment described in division (A)(1) of this section in the distinct civil action for damages between the plaintiff and an insured tortfeasor and until the expiration of the thirty-day period referred to in division (A)(2) of this section."
* * *
 {¶ 19} In the case sub judice, appellee, State Farm, clearly was not in privity with the assignment between appellant and its patient, Raber. Moreover, at the time he signed the assignment documents, Raber had not yet pursued legal action against the alleged tortfeasor, appellee's insured, meaning he had no right to file an action against appellee at that time. R.C. 3929.06(B). An assignment must be founded on a right in being. 6 Oh.Jur.3d 17 Assignments. Appellant relies on In rePetry (1986), 66 B.R. 61, for the proposition such an assignment is valid because "[t]he cause of action existed at the time the assignment was executed." Id. at 63. However, as Petry makes no reference to the impact of R.C. 3929.06, we decline to adopt its rationale. See Scott v. Bank OneTrust Co., N.A. (1991), 62 Ohio St.3d 39, 42 (discussing difficulties associated with federal interpretations of state law). We further note the Texas Supreme Court, under a virtually identical scenario to the case at hand, has denied an (assignee) chiropractor recovery from an insured's insurance company under the rationale that "* * * [a party injured by the insured] cannot enforce the policy directly against the insurer until it has been established, by judgment or agreement, that the insured has a legal obligation to pay damages to the injured party." See State FarmCounty Mut. Ins. Co. of Texas v. Ollis (Tex. 1989), 768 S.W.2d 722, 723.
 {¶ 20} In light of the language of R.C. 3929.06(B), supra, we hold that the assignment in the case sub judice, while not necessarily forbidden under Thatcher and its progeny, was not actionable against Appellee State Farm based on the assignment's creation prior to the existence of a civil action by Raber against appellee's insured. The trial court therefore did not err in granting summary judgment in favor of appellee.
 {¶ 21} Accordingly, appellant's sole Assignment of Error is overruled.
 {¶ 22} For the reasons stated in the foregoing opinion, the judgment of the Canton Municipal Court, Stark County, Ohio, is hereby affirmed.
By: Wise, J., Gwin, P.J., and Farmer, J., concur.