SAVANNAH, FLORIDA & WESTERN RWY. CO. *v.* SMITH.

1. A wife while living in a state of separation from her husband who has abandoned and failed to provide for her and their minor child, having the entire care and custody of the child, is entitled to maintain an action against a railway company for injuries negligently inflicted upon the child since the separation took place, by reason of which she is deprived of his services.

2. Where a declaration filed in due time failed, for the want of vitally essential allegations, to set forth a cause of action, but such allegations were afterwards by leave of the court supplied by amendment, and at a subsequent term an order was passed striking the amendment, whereupon the plaintiff dismissed her action, and afterwards, within six months, brought another action which substantially set forth the same cause of action contained in the original declaration as amended, this second action was a renewal of

the first, and was not barred by the statute of limitations, although filed more than two years after the cause of action accrued.

3. On the trial of an action against a railway company for personal injuries to a child nine years of age, it was not pertinent and appropriate to charge the jury that "a child under the age of ten years is not presumed in law to have arrived at the age to discern between right and wrong, and of sufficient capacity and knowledge to make him responsible for his acts, and would not be chargeable of knowledge of right and wrong, unless it be clearly shown that he had such knowledge and capacity. If you find from the testimony that this plaintiff was injured, that he was nine years old or less, the law does not presume that he has arrived at that age so as to have the proper discretion in judging between right and wrong, unless it is shown by proof that he had." The child being before the jury as a witness, the jury should have been left free to determine for themselves, from his own and other evidence, what his capacity was for exercising care for his own safety at the time of the injury.

4. In view of the entire charge as given, there was no error as against the company in charging as follows: "If you find that the defendant company contributed to this accident or to this injury, and the boy also contributed to it, in that event you would diminish the amount of the recovery in proportion to the amount of the negligence that he contributed to the injury."

June 11, 1894. Argued at the last term.

Action for damages. Before Judge SMITH. Ware superior court. April term, 1893.

ERWIN, DUBIGNON & CHISHOLM and S. W. HITCH, for plaintiff in error.

G. J. HOLTON & SON and SYMMES & BENNET, *contra.*

SIMMONS, Justice.

1. Susan Smith sued the railroad company, alleging that on the 12th of September, 1887, her minor son Fulton boarded the defendant's train, and while the train was running at considerable speed one of the employees of the defendant pushed him off the train, and he fell on the track and a car-wheel ran over one of his legs, making him a cripple for life. This declaration was filed January 12, 1889. By an amendment which was allowed by the court April 8, 1890, the plaintiff

alleged, in substance, that at the time of the injury, the child injured as above set forth, lived with her and now does so; that her husband, the father of the child, long before the injury, had failed to provide for him, and had deserted her and her children, and the abandonment still continued; that she had the entire care of the children, and by reason of their abandonment by her husband she was compelled to provide for them herself, and was therefore entitled to the custody of the injured child and the value of his services. The amendment sets out what his services were worth at the time of the injury, and what they would probably be worth up to the time of his becoming of age.

Under this state of facts, we think the mother was entitled to the custody and services of the child, and if it was injured by the negligence or recklessness of an employee of the company, she would be entitled to recover, although her husband was still living. If a husband or father abandons his wife and children, and refuses or fails to maintain them, but leaves them to earn their own support, the mother becomes the head of the family, and is entitled to the custody of the children and to their earnings; and if by the negligence of another, one of the children is injured, we see no reason why the mother should not be entitled to recover the value of the services of the injured child. The husband's abandonment of the children and his failure and refusal to support them is a voluntary relinquishment of his right to their custody and to their services. Section 1793 of the code declares that "until majority the child remains under control of the father, who is entitled to his services and the proceeds of his labor." It declares also that "this parental power is lost . . by the failure of the father to provide necessaries for his child, or his abandonment of his family." The amendment alleges both of these grounds.

2. It appears from the record that the original declaration was filed within the time prescribed by law for bringing such suits. After allowing the amendment, the court, at a subsequent term, reconsidered its action, and passed an order striking the amendment; whereupon the plaintiff dismissed her action, and within six months thereafter brought another action, in which the same cause of action contained in the original declaration, as amended, was substantially set forth. It was contended by counsel for the defendant that no cause of action having been set forth in the original declaration, and the amendment having been stricken before the case was dismissed, no cause of action was left pending at the time of the dismissal, and therefore the action could not be renewed under section 2932 of the code, which authorizes a renewal of an action within six months after a dismissal or nonsuit; that as no cause of action was pending at the time of the dismissal, there was nothing to renew, and the present declaration, being filed more than two years after the injury, was barred by the statute of limitations. This contention, in our opinion, was not sound. Although the original declaration did not set out a cause of action in the mother, yet when the amendment showing her right to recover was allowed, it made the declaration a good one in this respect, and became a part thereof, as much so as if the allegations in the amendment had been inserted in the declaration when it was first drawn and filed; and when the court at a subsequent term struck the amendment, and the plaintiff thereupon dismissed her action, she had at this term of the court a good cause of action, and if she renewed it by bringing another action setting forth the same cause of action contained in the original declaration as amended, the second action was a renewal of the first and was not barred by the statute of limitations, although filed more than two years after the cause of action accrued.

3. It was complained that the court erred in charging the jury as follows: "A child under the age of ten years is not presumed in law to have arrived at the age to discern between right and wrong, and (to be) of sufficient capacity and knowledge to make him responsible for his acts, and would not be chargeable of knowledge of right and wrong, unless it be clearly shown that he had such knowledge and capacity. If you find from the testimony that this plaintiff was injured, that he was nine years old or less, the law does not presume that he has arrived at that age, so as to have the proper discretion in judging between right and wrong, unless it is shown by proof that he had." Under the facts in the case, we do not think this charge was pertinent and appropriate. The child was before the jury as a witness, and they ought to have been left free to determine for themselves, from his appearance and his testimony and the testimony of others on this subject, what his capacity was for exercising care for his own safety at the time he was injured, without being hampered by presumptions of law either for or against the competency of the child. See *Central Railroad* v. *Rylee*, 87 *Ga.* 491; *Central Railroad* v. *Golden*, last term (*ante*, 510). Some children are much more precocious than others. A child nine years of age, who has been reared in the neighborhood of railroads and who has ridden upon them frequently, may have as much capacity for realizing the dangers connected therewith and exercising care for his own safety as a youth of fifteen years not familiar with railroads would have. As to the rule which should be applied to infants with respect to due care, see *Western & Atlantic Railroad* v. *Young*, 81 *Ga.* 397, 83 *Ga.* 512.

4. In view of the entire charge as given, there was no error as against the company in charging as set out in the 4th head-note to this opinion. *Judgment reversed.*