## 3857.  McCARTER *v.* McCARTER.

1. A contract between the father and mother of minor children, under the terms of which it is agreed that the parties shall thereafter live in a state of separation, each having the custody of the children at specified intervals of time, the father to pay for the education of the children, there being no express stipulation as to who shall support and maintain them, does not release the parental rights of the father to the mother, within the meaning of the Civil Code (1910), § 3021, nor relieve

the father from the legal obligation resting upon him to support the children.

2. Where such a contract has been entered into and the mother pays for necessary medicine and the services of a physician for such minor children, she may maintain an action against the father for the amount thus expended.

DECIDED MARCH 6, 1912.

Certiorari; from Walker superior court—Judge Maddox. October 13, 1911.

*J. E. Rosser, R. M. W. Glenn,* for plaintiff.

*James P. Shattuck,* for defendant.

POTTLE, J. In a suit on an open account in a justice's court the plaintiff recovered a verdict for $15.55. The defendant's certiorari was sustained by the judge of the superior court, and final judgment awarded in his favor, and the plaintiff excepted. The facts are unusual. The plaintiff is the wife of the defendant. On April 9, 1910, they separated by mutual agreement, and at that time entered into a written contract containing substantially the following provisions: Defendant was to pay to plaintiff $1,400 in settlement of any claim for alimony which she might have, and as the purchase-price of a certain described tract of land belonging to her. In addition to this she was given specified personal property and household effects. There were two minor children. It was agreed that the children should remain with their mother from Monday in the forenoon until Friday afternoon, and the father was to have the privilege of having the children with him the remaining portion of the week. Neither parent was to interfere with the custody or control of the children while they were with the other parent, but each parent was to have the right at all times to visit the children, so as to look after their welfare, wherever they might be located. It was further agreed that the children should be sent to school for a specified number of months, and that the father should buy their books and pay their tuition. The father was likewise to furnish one of the children with clothing, upon condition that this child should attend school, and the father was to have the "privilege" of bringing such things as he might deem proper at any time to the other child, a daughter. Both of the parties to the contract agreed to work for the interest and welfare of their two children. It was finally agreed that neither of the parties should have any right to bring suit for the custody or control of the chil-

dren, nor should the wife have any action for alimony, and, except as above stated, there was nothing in the contract in reference to the support of the children. The account sued on was for sums of money which the plaintiff had paid to a drug company and a physician for drugs and medical attention for the children. The account as originally made was charged to the plaintiff, and the indebtedness was incurred by her without the knowledge or consent of her husband. She paid the account and brought suit against her husband to recover the amount thereof.

In this State a father may by voluntary contract release the parental rights over his minor child to a third person. Civil Code (1910), § 3021. When a father makes an absolute and unconditional gift of his minor child to another, and the gift is accepted and the child taken into the home of the donee, the latter is entitled to the proceeds of the labor of the child, and is bound for its care, maintenance, and support, in the absence of any express agreement, or any facts or circumstances from which the contrary would be implied. *Eaves* v. *Fears,* 131 *Ga.* 820 (64 S. E. 269). We know of no reason why the rule just stated would not be applicable to the mother of the child as well as to any other person. Indeed, there are many reasons why the rule should be more peculiarly applicable to a mother than to one not related to the child. Where husband and wife separate and no provision is made for her support, either voluntarily or by decree of the court, the husband is liable to third persons for the board and support of his wife and necessaries furnished to her or for the benefit of his children in her custody. Civil Code (1910), § 2988. "The rights of children under any deed of separation or voluntary provision or decree for alimony shall not be affected thereby." Civil Code (1910), § 2990. Where, on account of the husband's misconduct, the wife obtains a divorce and a decree awarding to her the custody of the minor children, and no provision is made in the decree for the support of the children, the father is not relieved from his obligation to furnish such support. If he should fail to do this, and the mother makes expenditures for the proper support of the children, she can recover from the father the amount of these expenditures. *Brown* v. *Brown,* 132 *Ga.* 712 (64 S. E. 1092, 131 Am. St. R. 229). In the case just cited the Supreme Court expressly stated that it did not mean to hold that in an action brought by the

wife for the recovery of expenditures made by her in support of the child after she obtained the decree awarding to her the custody of the child, it would not be a good defense for the husband to show that, in consideration of his withdrawing any objections to the award of the custody of the child to her, she agreed to thereafter support the child and to relieve him from liability for its support. Without reference to what might be the result of a third person's furnishing necessaries to a child which its father failed to support, where such person had no notice that the father had released his parental rights over the child, and without reference to whether the mere custody of a minor child by a third person would be enough to put one furnishing necessaries for the child upon inquiry, to ascertain whether the father had surrendered his control over the child, it is clear that where the father has done so, and the person furnishing the support has notice of the fact, he can not maintain an action against the father. The real question in the present case is whether or not the agreement entered into by the husband and wife on April 9, 1909, had the effect of releasing the parental rights of the father over his minor children and surrendering them to the mother, and of imposing upon her the corresponding obligation to support the children. We think the true rule is that before a father will be held to have, by contract, surrendered control over his minor child and become relieved of the obligation to support it, an agreement to this effect must be shown, clear and definite in its terms. It ought to take a strong case to relieve a father from the legal and moral obligation resting upon him to care for and maintain his minor child. In this case an inspection of the agreement between the parties shows that no provision was expressly made for the support of these children. The father did not surrender his parental control over his children, but, on the contrary, while the custody was with the mother for a larger portion of time, the father retained the right to have them with him at stated intervals, and the right to visit the children, "so as to look after their welfare," wherever they might be located. He expressly obligated himself to buy them school-books and pay their tuition, and reserved the "privilege" of giving to his minor daughter such things as he might deem proper from time to time. The contract further provided that both of the parties should "work for the interest and welfare of their two children." In other words, we

construe it as a joint agreement partially fixing the rights and liabilities of each parent simply in order to forestall domestic friction. There was no express agreement that the mother should support these children. Suppose, therefore, she had refused to do it. Could it be said that the father was relieved from the legal obligation resting on him to furnish maintenance for these helpless children? We can not know what the parties had in mind, except as they have expressed themselves in the writing; and, in the absence of an express agreement completely surrendering his parental rights and relieving himself from his legal obligation to support his children, we are unwilling to hold that the father is not liable for necessaries furnished to the children, which he himself failed to provide. This being so, the mother had a right to provide the necessaries and to look to the father for reimbursement. The verdict in favor of the plaintiff was demanded by the evidence, and the court erred in sustaining the certiorari.                    *Judgment reversed.*