10619. TOWNS *v.* WELLS.

BLOODWORTH, J. 1. The petition as amended set forth a cause of action, and the demurrer thereto was properly overruled.

2. The motion for a new trial contains the general grounds only, there is evidence to support the verdict, which has the approval of the trial judge, and a new trial was properly refused.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*

DECIDED OCTOBER 9, 1919.

Complaint; from city court of Floyd county—Judge Nunnally. April 24, 1919.

The action was against the alleged father of a two-year-old girl, by her grandmother, for the value of necessaries and care of the child. The petition alleges: Since the birth of said child, notwithstanding that it is the duty of said father to support said child, he has abandoned the child and failed and refused to support it, and has failed and refused to furnish it with the necessities of life. Petitioner is the grandmother of said child, and if she had not taken charge of the child and provided it with necessities of life, and cared for it, the child would have died. The mother of the child has deserted and abandoned the child. Upon the abandoning of the child by the defendant, he left the child in the possession and custody of plaintiff, where it has remained ever since. Petitioner has supported the child since its birth, and provided it with necessities of life since that time, and the father of the child has not paid her for such service. The care, support, and necessaries of life furnished the child by petitioner are reasonably worth $15 a month, and the defendant is justly indebted to petitioner in that sum for 25 months, beginning January 30, 1916, to wit, in the sum of $375. A general demurrer to the petition was overruled. The defendant in his answer admitted that since the birth of the child he had refused to support it, and had not paid anything towards its support; he denied that he was its father. The only evidence on the trial was the testimony of the plaintiff. Her testimony supported the allegations of fact in her petition. The verdict was for the plaintiff.

*Harris & Harris,* for plaintiff in error.

*W. B. Mebane,* contra.