## 14727. BUHLER v. COHN.

Upon a negligent injury to a minor, entailing expense of medical services, medicines, nursing, etc., the right of action for the recovery of such expense is ordinarily in the father; and such right is not divested merely because he may not be financially able at the time of the injury to provide those things for the minor which are needed as a result thereof. The present action by the mother, to recover for such expense incurred and defrayed by her for no other reason than the financial inability of the father, was subject to the general demurrer interposed.

DECIDED DECEMBER 10, 1923.

Action for damages; from Muscogee superior court—Judge Munro. May 21, 1923.

*Thomas H. Shanks, Paul Blanchard,* for plaintiff.

*Ed. Wohlwender, McCutchen & Bowden,* for defendant.

BELL, J. Mrs. Sadie Loeb Buhler, a married woman, brought a suit against Ephriam Cohn, alleging in substance that the defendant had negligently injured the plaintiff's daughter, and that as a result thereof certain necessary expenses for medicines, doctors, nurses, and hospital had been incurred, which the plaintiff had defrayed out of her separate estate. She alleged that the child's father, her husband, because of his financial condition existing at the time of the injury, "was not able to furnish the means for the necessary treatment and maintenance of the said child, and that she was able to expend the funds necessary for her treatment and maintenance, and that she did so out of her own separate estate." The petition was dismissed upon a general demurrer, and the plaintiff excepted.

The right of action for a tort to a minor ordinarily is vested in the father. The defendant in error rests his case upon the doctrine laid down in *Southern Railway Co.* v. *King,* 126 *Ga.* 794 (1) (55 S. E. 965, 8 L. R. A. (N. S.) 544). In that case it appeared that a father and his daughter were injured in a railroad accident, and that the father died about an hour thereafter. The court held that upon the injury of the daughter the right of action accrued to the father, and that when he died an appreciable time afterwards, with no suit for the injuries to the daughter commenced by him, the cause of action abated. It is sought by the plaintiff to bring her case within section 3021 (3) of the Civil Code (1910), which provides that the parental authority of the father is lost by his failure to provide necessaries for the child.

In the *King* case, supra, the Supreme Court said: "It is also sought to bring the case within the rule that, where a wife is living separate from her husband, who has abandoned her and a minor child, and she has the active care and custody of it, she is entitled to maintain an action for injuries negligently inflicted upon it. But it has been expressly held that this rule applies only to injuries inflicted upon the child after the separation took place, and by reason of which she is deprived of its services. *Savannah, F. & W. Ry. Co.* v. *Smith,* 93 *Ga.* 742; *Amos* v. *Atlanta R. Co.,* 104 *Ga.* 809, 814; Civil Code (1895), § 2475."

Similarly, it should be said of the case at bar that the father does not lose his right of action for a tort to his child, unless before the injury he shall have forfeited his parental power by the failure to provide it with the necessaries of life. If a mere financial inability on the part of the father to provide the necessaries for his child would result in the forfeiture of his right to sue for an injury to it while it is still in his custody, then the action of many a father for such cause would be in peril of defeat because of his worldly circumstances. We do not think that the provisions of the code-section above referred to contemplated the possibility of such a defense. Furthermore, the plaintiff's petition in this case does not allege that the father did not furnish the necessaries to the child prior to or at the time of the injury, but merely that he was unable to defray the extraordinary expense resulting from the injury. We think it apparent, from the averments of the petition, that the right of action for the injuries to the child in this case was vested in the father, and that the expense which was caused by the injury was an item recoverable by him and not by his wife. The burden of supplying those things which were needed by the child as a result of the injury was placed upon the father. This was a part of his damage. The damage under the law was to him, and not to the mother. Notwithstanding her assumption of the burden was impelled by motives deserving of the highest commendation, legally speaking and relatively to the defendant such burden was voluntarily assumed. The judgment of the lower court in dismissing the petition is regretfully affirmed.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*