19601. DAVENPORT *v.* WATERS *et al.*

DECIDED JUNE 12, 1929. REHEARING DENIED JULY 9, 1929.

*D. W. Mitchell, W. E. & Gordon Mann,* for plaintiff.
*Maddox, Sapp & Maddox,* for defendants.

BROYLES, C. J. ■ Error is assigned upon the following charge: "If it affirmatively appears, from the evidence, that the plaintiff, Davenport, did not use ordinary care and diligence to discover the approach of defendant's train upon its track before he attempted to cross said track at the crossing, then he can not recover for any alleged negligence of the defendant or the defendant's employees." Almost immediately preceding this charge the court charged as follows: "If you find, from the evidence, that the defendant's employees were negligent in any of the particulars alleged in the petition, and that such negligence was existing at the time the plaintiff was injured, if he was injured, the plaintiff still could not recover, if, by the exercise of ordinary care, he, Davenport, driving the automobile at the time, could have discovered the defendant's negligence and could by the exercise of ordinary care have avoided the same. I charge you that the duty of exercising ordinary care to avoid the conse-

quences of negligence, if any, did not arise until the negligence of the railroad's employees became apparent to the plaintiff or, in the exercise of ordinary care, ought to have been anticipated and discovered by Davenport, who operated this car at the time." The charge complained of did not "invade the province of the jury," and, in the light of the charge as a whole, was not error for any other reason assigned.

■ Complaint is made of the following excerpt from the charge: "There is no law in this State regulating the speed of trains approaching public crossings. The law as to trains approaching public crossings is as set forth in the code section which I have just read to you in the charge." The judge had just read to the jury as a part of his charge the language of the act of 1918, embodied in 8 Park's Code Supp. 1922, § 2677 (b). That section sets forth the duty of a railroad engineer when his train is approaching public crossings. It requires him to blow for the crossings, to maintain a constant and vigilant lookout along the track ahead of the engine while approaching a crossing, and to otherwise exercise due care in order to avoid injuring any person or property on the crossing or at any point on the track within fifty feet of the crossing. However, there is no specific provision regulating the *speed* of trains approaching public crossings, and the charge complained of was not error. See, in this connection, *Atlantic Coast Line R. Co.* v. *Bradshaw*, 34 *Ga. App.* 360 (129 S. E. 304).

■ This was a joint action against a railroad company and its engineer, Waters, to recover damages for the infliction of personal injuries upon the plaintiff. The court instructed the jury as follows: "I charge you that you may find a verdict for the plaintiff against the defendant railroad company, and no verdict against the defendant Waters." This charge is objected to upon several grounds. The first ground is that the evidence demanded a verdict against the engineer. That ground is without merit, as the verdict exonerating Waters was amply authorized by the evidence. The second ground, which merely sets forth some of the evidence tending to show negligence on the part of Waters when approaching the crossing in question, fails to show error in the charge. The last ground merely asserts that the charge was error "because it was not adjusted to the pleadings nor the evi-

dence and because under the pleadings and evidence it was not a correct statement of the law." None of the evidence or pleading was set out in that ground or attached thereto as an exhibit. It follows that the assignment of error is "too vague, general, and indefinite to present any question for the determination of this court." *Wilson* v. *Clark,* 26 *Ga. App.* 304 (2) (106 S. E. 8), and cit.

Error is assigned upon the refusal of a timely written request to charge as follows: "I charge you that when those in chage [charge] of a railway train neglect to comply with the statutory precautions in approaching a highway, and a person on the crossing is struck and injured, the only defenses open to the company are that the injury was done by the consent of the person injured, or that by the observance of ordinary care he, the injured person, could have avoided the injury, or, in litigation [mitigation] of damages, that his negligence contributed to it. When such injury occures [occurs] the onus is upon the company to prove such fault on the part of the injured person." It is well settled that the refusal to give a requested charge is not error unless the request to charge is *in itself perfect* in every respect. *Etheridge* v. *Hobbs,* 77 *Ga.* 531 (4) (3 S. E. 251). In the first sentence of the request to charge the statement is made "that when those in charge of a railway train neglect to comply with the statutory precautions in approaching a highway, *and a person on the crossing is struck and injured* (italics ours), the only defenses," etc. "Struck and injured" by what or whom? The request to charge does not state. A perfect request would have contained, immediately after the words "struck and injured," the words "by the train." It is not sufficient to say that there is a clear inference from the request that it meant "struck and injured by the train." As before stated, a request to charge must be perfect within itself; and a request that depends upon an inference to make it sound and correct is not perfect within itself.

Nor is the request to charge in the instant case impeccable because it is couched in the exact words of this court in *Bryson* v. *Southern Ry. Co.,* 3 *Ga. App.* 407 (59 S. E. 1124). Under repeated rulings of this court and of the Supreme Court it is often error for the trial court to embody in his charge to the jury language used by the appellate courts in their decisions. Especially is this

true of language found in the headnotes of a case where the principles of law briefly enunciated therein are more clearly and correctly elaborated in the opinion. If counsel for the plaintiff in error when preparing his request to charge had turned to the opinion in the *Bryson* case, supra, he would probably have presented a perfect request, for in his opinion Judge Powell says: "When a train approaches a public crossing without complying with the statute, and strikes or injures a passer thereon, the only defenses open to the railway company are" etc.

The refusal of the request was not error.

■ The above-stated rulings dispose of all the special grounds of the motion for a new trial. The verdict was amply authorized by the evidence, and the refusal to grant a new trial was not error.

(*a*) This ruling is not in conflict with the decision in *Southern Ry. Co.* v. *Davenport,* 39 *Ga. App.* 645 (148 S. E. 171). In that case (a branch of this case, involving the same verdict) this court held that since it was a joint action against the railway company and its engineer, Waters, to recover damages for the infliction of personal injuries on the plaintiff, solely in consequence of the engineer's negligence, the verdict, exonerating the engineer and finding damages against the railway company, was unauthorized and must be set aside, for the reason that, since the jury found that the injuries sued for were not caused by any negligence of the engineer, their further finding that the railway company was liable in damages to the plaintiff was contrary to law. See *Southern Ry. Co.* v. *Harbin,* 135 *Ga.* 122 (68 S. E. 1103, 30 L. R. A. (N. S.) 404, 21 Ann. Cas. 1011). In effect this court held, not that the entire verdict was unauthorized, but only that part of it which found the railway company liable. The question as to whether that part of the verdict which exonerated the engineer was authorized was not considered in the *Davenport* case, supra. That question is now passed upon for the first time, and it is now and here held that the finding of the jury exonerating the engineer (Waters) from any liability in damages to the plaintiff was amply authorized by the evidence. That being true, and none of the special assignments of error showing cause for a reversal of the judgment, the overruling of the motion for a new trial was not error.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*