30830.   BRACKETT, guardian, *v.* GLAZE.

DECIDED APRIL 6, 1945.

*Claud F. Brackett, Vaux Owen, I. F. Parrigin, Olin T. Lester,* for plaintiff in error.

*H. A. Allen, Gertrude Harris, A. L. Henson,* contra.

SUTTON, P. J.   Mary Glaze sued Claud F. Brackett as the duly appointed and qualified guardian of the person and property of Paul C. Glaze Sr., an insane person, in the civil court of Fulton County, and alleged that the defendant was indebted to her in the sum of $931.42 for support and maintenance furnished Paul C. Glaze Jr., the minor son of the defendant's said ward, from September, 1941, inclusive, through and including October, 1944; that the reasonable value of the support and maintenance so furnished by the plaintiff to the dependent child of the defendant's said ward was $25 per month, and that the expenses of said support and maintenance were legally chargeable to the estate of said ward and that the defendant as such guardian was liable therefor.   The defendant filed an answer in which he admitted that he was the guardian of the person and property of Paul C. Glaze Sr., but denied that as such guardian he was indebted to the plaintiff, or that the estate of his said ward was liable for the alleged support and maintenance afforded by her to Paul C. Glaze Jr.   The case was tried before a judge of said court, without the intervention of a jury, and a judgment was rendered in favor of the plaintiff for $932.41, the amount sued for.   The defendant made a motion for a new trial, which was overruled, and he excepted.

■   The uncontroverted evidence showed the existence of a common-law marriage between Mary Glaze and Paul C. Glaze Sr., that they had lived together as husband and wife since 1932, that Paul C. Glaze Jr. was born in 1934 as the issue of said marriage, and that Paul C. Glaze Sr. supported his said son until he was confined in the U. S. Veterans Hospital in September, 1937, as an incompetent.   The plaintiff testified, without contradiction, that she had contributed to the support and maintenance of Paul C. Glaze Jr., the sum of $10 every two weeks from September, 1941,

inclusive, through and including October, 1944, and that her sister and brother with whom Paul C. Glaze Jr. was living in Newark, N. J., attending school, had also, during the period mentioned, contributed to his support and maintenance the sums of $10 and $5 per month, respectively. No evidence was introduced by the defendant. The Code, § 74-105, is as follows: "Until majority, it is the duty of the father to provide for the maintenance, protection, and education of his child." Section 74-108 provides: "Until majority, the child shall remain under the control of the father, who is entitled to his services and the proceeds of his labor." It will be seen from the evidence that Paul C. Glaze Sr. provided for his said minor son, until he, the father, became an incompetent and was committed to the hospital. He is now, and has been, since 1937, personally incapable of discharging to his minor son the duty so imposed upon him by law. But he has an estate in the hands of his guardian, which is responsible for necessaries furnished for the support and maintenance of his said son. See, in this connection, *McCarter* v. *McCarter,* 10 *Ga. App.* 754 (2) (74 S. E. 308); *Ellis* v. *Hewitt,* 15 *Ga. App.* 693 (2) (84 S. E. 185); *Towns* v. *Wells,* 24 *Ga. App.* 242 (2) (100 S. E. 643); *Blue Ridge Park Nurseries* v. *Owen,* 41 *Ga. App.* 98 (4) (152 S. E. 485).

■ It is contended by the plaintiff in error that the allegata and the probata do not correspond and that the judgment in favor of the plaintiff is not authorized by the evidence. Let us look to the evidence in this respect. From September, 1941, inclusive, through October, 1944, is three years and one month or 160 weeks, and the plaintiff testified that she had contributed to the support and maintenance of Paul C. Glaze Jr. the sum of $10 every two weeks for the period of time just mentioned, which would be $800. Under the record as here presented she would not be entitled to recover the amounts which she testified were contributed by her sister and brother. Under the evidence, the trial judge was authorized to render a judgment in favor of the plaintiff for $800, but not for the sum of $931.42. Accordingly, the judgment is affirmed, with direction that the defendant in error write $131.42 off the judgment at the time the judgment of this court is made the judgment of the trial court; and upon failure to do so, the judgment shall stand reversed.

*Judgment affirmed, with direction. Felton and Parker, JJ., concur.*