38203. SOUTHERN RAILWAY COMPANY *v.* NEELEY.

DECIDED APRIL 11, 1960.

490

*Hatcher, Smith, Stubbs & Rothschild, A. Edward Smith, Wyatt & Morgan,* for plaintiff in error.

*Stonewall H. Dyer, Henry N. Payton,* contra.

GARDNER, Presiding Judge. 1. It is elementary that medical

services furnished to a minor child are classified as necessaries. *McCarter* v. *McCarter*, 10 *Ga. App.* 754 (74 S. E. 308), and *Buhler* v. *Cohn*, 31 *Ga. App.* 463 (120 S. E. 785). This court also recognizes the fact that it is the duty of a father to provide for the maintenance, protection, and education of his child. See Code § 74-105. There are many citations to this effect. In *Krasner* v. *O'Dell*, 89 *Ga. App.* 718 (80 S. E. 2d 852), this court held that medical expenses incurred for treatment of a minor child's injuries, as well as the loss of a child's services, are elements of damage which give rise to a cause of action by the father.

In the case at bar, although no divorce decree is in the record, it appears that the mother has had custody of the children since 1952. There is some indication in the record that there was a divorce, but be that as it may, there was an agreement signed by both the mother and the father that the mother was to have complete custody and care of the minor children. We recognize that even after a divorce decree which makes no provision for support of the minor children but custody is awarded to the mother, the father remains liable for the support of his minor children. See *Murphey* v. *Murphey*, 215 *Ga.* 19 (108 S. E. 2d 872). The facts in the instant case remove this case from the scope of the holdings by this court and by the Supreme Court that even after the divorce decree with no provisions for the support of the minor children, the father remains liable for the support for the reason that the contract, which is in the record now before us, provides that the father pay the mother so much per month for the support of the children. In *Garrett* v. *Garrett*, 172 *Ga.* 812 (159 S. E. 255), the Supreme Court held that a mother may recover for expenditures incurred on behalf of a minor child if the father fails or refuses to discharge this obligation. The Supreme Court held in *Smith* v. *Smith*, 136 *Ga.* 531, 533 (71 S. E. 869) that a divorced wife stands in the same position as a stranger as to the support of her children, and even as a stranger she can maintain an action against her former husband for necessary expenses incurred in maintaining and nourishing their minor children. See also *Brown* v. *Brown*, 132 *Ga.* 712 (64 S. E. 1092, 131 Am. St. Rep. 229). It seems to us that if the wife could recover from a former husband in such instance, she could also recover from a railroad

company for expenses incident to taking care of a minor child for injuries incurred by reason of the negligence of the railroad company, as here. Code § 74-108 (1) provides that where, as here, a parent releases the right to another person by a voluntary contract, such parent loses power of control and services and proceeds of the labor of the child. In *Coleman* v. *Dublin Coca-Cola Bottling Co.*, 47 *Ga. App.* 369, 370 (170 S. E. 549), this court held that " 'In no case can a father maintain an action for a wrong done to his minor child, unless the father has incurred some direct pecuniary injury therefrom, in consequence of loss of service necessarily consequent thereon,' or necessary expenses incurred thereby. *Sorrels* v. *Matthews*, 129 *Ga.* 319, 321 (58 S. E. 819, 13 L. R. A. (NS) 357, 12 Ann. Cas. 404)."

Let us remember that in the instant case the father of the minor child testified that "in 1952, Mrs. Neeley and I were separated. We entered into a contract with reference to support and custody of the children. [The contract is in the record as an exhibit.] Since that time she has had exclusive control and custody of the children. At that time I relinquished all my rights, control and custody of the minor children to her. Since that time I have been paying everything that the contract calls for. I have not claimed custody and control of the children since entering into this contract." This court takes the position that under this contract the father was not liable for more than the contract called for and the contract did not call for enough money to pay for the medical expenses incurred by the mother when the minor child was injured and for this reason she is entitled to be reimbursed by the defendant for the expenses incident to the injury because of the negligence of the defendant. It has been held by the Supreme Court that where a father relinquishes his parental right by contract, a clear and strong case must be made, and as regards his control, a contract must be clear, definite, and unambiguous. See *Waldrup* v. *Crane*, 203 *Ga.* 388 (46 S. E. 2d 919). In that case the Supreme Court did hold that the contract there was not sufficient to meet the test, but we hold that in the instant case the contract is sufficient to meet the test. See also *Miller* v. *Wallace*, 76 *Ga.* 479 (2 Am. St. Rep. 48).

Under the facts of this case the jury did not err in awarding the plaintiff $6,500, which included some expenses for the medical care of the minor child.

Special ground 1 alleges that the court erred in charging the jury in regard to the expenditure of certain amounts for medical, doctor and hospital services. In view of the evidence depicted by this record we do not feel that the court erred in so charging the jury. Special ground 1 is not meritorious.

Special ground 2 alleges that the verdict was excessive. This is based on the contention that the plaintiff was not entitled to recover medical expenses. We have covered this point hereinabove and do not feel that it is necessary to go extensively into this matter again. Special ground 2 is not meritorious.

The court did not err in any of the rulings.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*