40772. COHEN et al. v. SAPP, by Next Friend.

DECIDED SEPTEMBER 9, 1964—REHEARING DENIED
OCTOBER 6, 1964.

*Bouhan, Lawrence, Williams & Levy, Walter C. Hartridge, III,* for plaintiffs in error.

*Wylly & Wallace, John C. Wylly,* contra.

JORDAN, Judge. ■ Mrs. Mildred Sapp's right to bring her action to recover damages for the loss of her daughter's services and for medical expenses resulting from the child's injuries was predicated upon *Code* § 53-511 which provides: "If a tort shall be committed upon the person or reputation of the wife, the husband or wife may recover therefor; if the wife shall be living separate from the husband, she may sue for such torts and also torts to her children, and recover the same to her use."

This Code section on its face only requires the wife to be living separate from the husband in order to give her the right of action in a case such as this. However, it is abundantly clear from decisions of this court and of the Supreme Court that the provisions of this Code section must be construed in pari materia with *Code* § 74-108, which provides, "Until majority, the child shall remain under the control of the father, who is entitled to his services and the proceeds of his labor." This parental power may be lost in one of four ways prescribed by *Code* § 74-108, including the failure of the father to provide necessaries for his child, or his abandonment of his family.

Under *Code* § 74-108, the right of action to recover damages for loss of services and medical expenses arising from tortious injury to a minor is in the father; and it is only in the event that the father has lost his parental power that "the mother, living separately from the father, and having the entire custody of their minor child, is entitled to the services of the child and the proceeds of his labor, and, in case of a tort to the child, may sue for and recover the same to her use." *Coleman v. Dublin Coca-Cola Bottling Co.,* 47 Ga. App. 369, 370 (170 SE 549) ; *Savannah, Fla.*

*&c. R. Co. v. Smith,* 93 Ga. 742 (21 SE 157); *Amos v. Atlanta R. Co.,* 104 Ga. 809 (31 SE 42); *King v. Southern R. Co.,* 126 Ga. 794 (55 SE 965, 8 LRA (NS) 544).

While Mrs. Sapp's petition alleged that she had the custody, care and control of her minor daughter, no allegation or proof was made sufficient to show a severance of the parental power vested in the father. As a matter of fact the record shows positively that Mrs. Sapp and the daughter were dependent upon and being supported by the father at the time of the injury to the daughter. In legal contemplation, therefore, such custody, care and control was still in the father (a member of the United States Navy who was serving at sea aboard the U.S. Valley Forge), as provided by *Code* § 74-108; and this being true, the right to bring this action for medical expenses and loss of services was in the father and not in the mother. *Buhler v. Cohn,* 31 Ga. App. 463 (120 SE 785); *Krasner v. O'Dell,* 89 Ga. App. 718 (80 SE2d 852); *Southern R. Co. v. Neeley,* 101 Ga. App. 488 (114 SE2d 283).

It was error therefore for the trial court to deny the defendants' motions for judgment notwithstanding the verdict in the case of Mrs. Mildred Sapp, individually, and for the use and benefit of the United States of America.

■ The defendants in the special grounds of their amended motions for new trial in the case of Joyce Sapp, a minor, by next friend, assign error on the refusal of the trial court to give two duly requested charges to the jury.

A request to charge must embody a correct, applicable and complete statement of law, legal and perfect in form and adjusted to the pleadings and evidence; it must not be argumentative or seek an expression of opinion on the part of the court; and it must not be so phrased as to have tendency to confuse and mislead the jury or to becloud the issues in the case. *New York Life Ins. Co. v. Thompson,* 50 Ga. App. 413 (1) (178 SE 389); *Dillon v. Sills,* 54 Ga. App. 299 (4) (187 SE 725); *Atlantic C. L. R. Co. v. Brown,* 82 Ga. App. 889, 891 (62 SE2d 736); *Davenport v. Waters,* 40 Ga. App. 99 (4) (148 SE 772); *Wilson v. State,* 93 Ga. App. 375 (1) (91 SE2d 854); *Hardeman v. Ellis,* 162 Ga. 664, 667 (26) (135 SE 195); *Childers v. Ackerman Constr. Co.,* 211 Ga. 350 (86 SE2d 227).

Under the pleadings and evidence in this case, an issue was presented as to whether the defendant Cohen was an independent contractor or whether he was the servant or agent of the defendant insurance company. The defendants in the charges requested, however, assumed that the status of Cohen was that of independent contractor, without pointing out that such assumption was being made, and the principles of law requested were predicated upon this assumed status. The charges were thus argumentative in form, they tended to becloud and obscure the issue of Cohen's relationship with the company, and as such could easily confuse and mislead the jury into believing that the sole issue in this regard was that of whether or not the company was liable for the negligence of Cohen notwithstanding his status as an independent contractor when in fact it was for the jury's determination as to whether or not Cohen was an independent contractor. Only in the event that such determination was made in the affirmative, would the jury reach the issue of whether the company had assumed such immediate direction and control over Cohen as to render it liable even if he were an independent contractor. The case of *American Security Life Ins. Co. v. Gray*, 89 Ga. App. 672 (80 SE2d 832), which is relied upon by the defendants in support of their requested charges, is not in point on the issue under consideration here. In that case the status of the defendant's solicitor was, as a matter of law, that of an independent contractor, and the sole issue for determination was that of the company's liability notwithstanding this fact.

The charges requested did not meet the standards enumerated above, and the trial court properly refused to give them in charge to the jury.

■ The evidence adduced on the trial authorized the jury to find that the defendant Cohen was negligent in the operation of his automobile and that such negligence was the proximate cause of the injuries of the minor plaintiff. The evidence further authorized the finding that the relationship of master and servant existed between Cohen and the corporate defendant. The court did not err therefore in denying the general grounds of the motions for new trial and the motions for judgment notwithstanding the verdict in the case of the minor plaintiff.

*Judgment affirmed in part; reversed in part. Bell, P. J., and Eberhardt, J., concur.*