## 50339. CULBREATH v. LIVINGSTON et al.

STOLZ, Judge.

In this family-purpose-automobile action, the denial of the defendant father's motion for summary judgment was not error. A genuine issue of material fact was raised by the showing that the car was purchased in 1971 by the defendant father and titled in the defendant father's corporation's name in Florida, the defendant's residence, although it was "given" to the defendant son when he was less than 18 years old and in school. The son worked part time for said corporation for 2 years before the collision, but the car was never used for corporation business. The father paid for the first license tag, his corporation for subsequent ones. The son owned the liability insurance policy for the car, but the father paid about one half of the premiums. The son paid for most of the car's maintenance, but the father bought tires for it once. The son lived with his mother, who was separated from his father. The son's support consisted of the part-time job with his father's corporation, an allowance from his father, discretionary support payments from his father to his mother, and his mother's separate income. The defendant son was driving the car on a personal mission at the time of the collision in question. See *Baker v. State,* 123 Ga. App. 394 (1) (181 SE2d 288); *Hexter v. Burgess,* 52 Ga. App. 819 (5) (184 SE 769); *Griffin v. Russell,* 144 Ga. 275 (87 SE 10); *Ferguson v. Gurley,* 218 Ga. 276 (2) (127 SE2d 462); *Hubert v. Harpe,* 181 Ga. 168 (182 SE 167); and *Hirsh v. Andrews,* 81 Ga. App. 655, 658 (59 SE2d 552).

*Judgment affirmed. Deen, P. J., and Evans, J., concur.*

SUBMITTED FEBRUARY 25, 1975 — DECIDED APRIL 8, 1975.

*Harris, Watkins, Taylor & Davis, Joseph H. Chambless,* for appellant.

*Jones, Cork, Miller & Benton, Wallace Miller, Jr.,* for appellees.