## 56175. JONES et al. v. ADAMSON'S, INC. et al.

SMITH, Judge.

None of appellants' contentions illustrates that the trial court's grant of Adamson's motion for summary judgment was erroneous, and we therefore affirm that grant.

The appellants, Bobbie Jones and her two daughters, brought this action seeking recovery in negligence for the death of their father/husband, killed upon his automobile's collision with a two-ton truck driven by Adamson's fifteen-year-old son, Timothy. The truck belonged to a corporation, Adamson's, Inc., of which Adamson was the president and sole shareholder and the business of which was the construction of homes and the sale and repair of tractors, trucks and related equipment. Timothy and his cousin, Charles, worked for Adamson's, Inc., and, on the day of the accident, Adamson had given Charles permission to drive the truck to lunch. Timothy accompanied Charles and, on the way to lunch and just before the accident, Charles allowed Timothy to take over as driver. On deposition Adamson testified that the corporation had bought the truck for the corporation's uses and the truck had been used exclusively for corporate purposes. Adamson also stated that on prior occasions he had ridden with his son, who possessed a "learner's permit," while he drove the truck. Appellants appeal

from the grant of Adamson's motion for summary judgment. The case as to Adamson's, Inc., remains pending below.

1. Because Adamson did not first make the motion in the trial court, we must deny his motion to dismiss alleging unreasonable and inexcusable delay in transmitting the record to this court. *Southeastern Plumbing Supply Co. v. Lee,* 232 Ga. 626 (208 SE2d 449) (1974).

2. Appellants contend the grant of summary judgment to Adamson was error because questions of fact remained as to his negligence in allowing his son, who was not licensed to drive "class D" vehicles, to operate the "class D" truck on prior occasions. Assuming appellants' contention is otherwise valid, the contention must nevertheless fail since the alleged negligence on prior occasions, as a matter of law, was not the proximate cause of this accident.

3. Furthermore, appellants' contention to the contrary, the family purpose doctrine does not here apply to raise a material issue of fact and render the grant of summary judgment improper. That doctrine is inapplicable because the facts in the record manifest that the truck was not furnished and maintained "for the purpose of being used by the members of the family for their pleasure and comfort. . ." *Levy v. Rubin,* 181 Ga. 187 (182 SE 176) (1935); cf. *Culbreath v. Livingston,* 134 Ga. App. 521 (215 SE2d 285) (1975). See also *Hubert v. Harpe,* 181 Ga. 168 (182 SE 167) (1935) and *Griffin v. Russell,* 144 Ga. 275 (87 SE 10) (1915).

4. Finally, appellants allege that grant of summary judgment was erroneous because the evidence showed that Adamson was individually liable as the alter ego of the corporation. We disagree. Notwithstanding Adamson's position as sole shareholder and president of Adamson's, Inc., "the corporation is prima facie a distinct legal entity with rights and liabilities which are separate from those of. . ." Adamson. *Midtown Properties, Inc. v. Geo. F. Richardson,* 139 Ga. App. 182, 185 (228 SE2d 303) (1976). Contrary to appellants' argument, the facts that he was the corporation's sole shareholder and its president, that he employed his nephew and son, that he

rented property to Adamson's, Inc., and that one of the corporation's phones was listed in his name do not present material issues of fact in response to the fact of Adamson's prima facie status as insulated from liability. *Midtown Properties, Inc.,* supra; *Stephens County v. Gaines,* 128 Ga. App. 661 (1) (197 SE2d 424) (1973). " 'To establish the alter ego doctrine it must be shown that the stockholders' disregard of the corporate entity made it a mere instrumentality for the transaction of their own affairs; that there is such unity of interest and ownership that the separate personalities of the corporation and the owners no longer exist; and to adhere to the doctrine of corporate entity would promote injustice or protect fraud.' [Cit.]" *Farmers Warehouse of Pelham, Inc. v. Collins,* 220 Ga. 141, 150 (137 SE2d 619) (1964). The facts argued by appellants do not show that Adamson disregarded the corporate entity or that the corporate entity was used "to defeat justice, to perpetrate fraud, or to evade contractual or tort responsibility," and, as against appellants' contention that the alter ego doctrine was applicable, the grant of summary judgment was appropriate. *Jones v. Cranman's Sporting Goods,* 142 Ga. App. 838, 841 (237 SE2d 402) (1977).

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

ARGUED JUNE 29, 1978 — DECIDED SEPTEMBER 7, 1978 — REHEARING DENIED SEPTEMBER 25, 1978 — ■

*Glen A. Garrett,* for appellants.
*I. J. Parkerson, Albert B. Wallace,* for appellees.