## A97A1846, A97A1847. GENERAL INSURANCE SERVICES, INC. et al. v. MARCOLA; and vice versa.

(497 SE2d 275)

McMURRAY, Presiding Judge.

Plaintiff Linda F. Marcola f/k/a Linda Mobley brought this contract action against defendants General Insurance Services, Inc. ("GIS") and its president, Karl Byers, alleging "On or about October of 1990, the Plaintiff agreed to sell and the defendants' [sic] agreed to purchase from the Plaintiff a business known as Mobley Insurance Agency. The purchase price of said agency was Thirty Three Thousand Five Hundred Dollars ($33,500.00). The Defendant or Defend-

ants have paid the approximate amount of $13,642.58 leaving an approximate balance of $19,857.42." Plaintiff also sought $1,263.94 as the unpaid balance due for the contents of the office. By amendment, she further alleged that defendants "entered into an employment contract with the plaintiff . . . for a period of 12 months . . . [whereby] plaintiff was to receive $1,000.00 per month as office manager." Defendants denied the material allegations and counterclaimed for a return of all sums paid to plaintiff as the purchase price for Mobley Insurance Agency, alleging plaintiff had "breached and entirely denied . . . the benefit of said contract. . . ."

The case was tried before a jury which returned a verdict for plaintiff as to all the damages she sought. Defendant Karl Byers' motion for judgment notwithstanding the verdict was granted while the motions of defendant GIS for judgment notwithstanding the verdict and for new trial were denied. In Case No. A97A1846, defendant GIS appeals from the judgment entered on the jury's verdict. In Case No. A97A1847, plaintiff cross-appeals. *Held*:

## Case No. A97A1846

1. Once a case has been submitted to the jury and a judgment rendered on its verdict, the denial of a summary judgment motion is a moot issue. *White v. Lance H. Herndon, Inc.*, 203 Ga. App. 580 (1) (417 SE2d 383). Consequently, defendant's first enumeration presents nothing for review.

2. In its second and third enumerations, defendant GIS contends the trial court erred in denying its motions for directed verdict and judgment notwithstanding the verdict and also for new trial, on the ground that plaintiff failed to prove the terms of her purchase and sale agreement and her contractual damages resulting from defendant's failure to pay. We disagree.

(a) "Where a jury returns a verdict and it has the approval of the trial judge, the same must be affirmed on appeal if there is any evidence to support it as the jurors are the sole and exclusive judges of the weight and credit given the evidence. [Cits.]" *Taylor v. Ga. Power Co.*, 136 Ga. App. 412, 413 (1) (221 SE2d 222). A directed verdict or j.n.o.v. should not be granted unless "there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict. . . ." OCGA § 9-11-50 (a).

Attached to defendants' answer and counterclaim is the written agreement between plaintiff and defendant GIS. Plaintiff identified "the contract that [she] and [defendant] Karl [Byers] signed together. . . ." During cross-examination, plaintiff affirmed she was "referring to this October 1990 contract we've been talking about say-

ing that the purchase price he [sic] was paying you for [including] a figure here, . . . $13,642 and some odd [received], leaving an approximate balance [due] of $19,857.42." Subject to the results of an audit, defendant GIS promised to pay plaintiff $33,500, calculated as "50 % of estimated commissions generated from October 1, 1989, to October 1, 1990, which amount is estimated to be $67,000.00. . . ." Thus, the existence of the sales agreement and its material terms were not matters of factual dispute. The evidence, including defendant's cross-examination, made out a prima facie case of plaintiff's damages for breach of the purchase and sale agreement. Whether defendant's audit figures in support of its claim for offset were accurate and determined in good faith were questions for the jury. Consequently, the trial court did not err in denying defendant's motion for directed verdict or j.n.o.v., on the ground that plaintiff failed to prove her damages for that claim.

(b) Relying on *Beasley v. Paul*, 223 Ga. App. 706 (1), 707 (478 SE2d 899), defendant GIS also argues that, even if the grant of a directed verdict may be precluded because there is evidence to support a verdict for the nonmovant plaintiff, nevertheless, a new trial is authorized because that verdict is contrary to or against the great weight of the evidence when viewed as a whole.

"No court except the trial court is vested with the authority to grant a new trial in a matter relating to the weight of the evidence. [Cit.] 'The appellate courts are not vested with discretion in this regard as are . . . the trial courts.' [Cit.]" *Allstate Ins. Co. v. Brannon*, 214 Ga. App. 300, 304 (5) (447 SE2d 666). See also OCGA § 13-6-4. "Thus, the only query [raised by defendant's third enumeration] is whether the evidence supported the verdict. [Cits.]" *Daniels v. Hartley*, 120 Ga. App. 294 (170 SE2d 315). We have already determined the evidence is sufficient to support the plaintiff's verdict for breach of the purchase and sale agreement. Consequently, this enumeration is without merit.

3. In its fifth enumeration, defendant GIS contends the trial court erred in giving the following jury instruction: "For purposes of determining whether or not a corporate entity was used to perpetuate a fraud a person commits fraud when that person makes a misrepresentation which is intended to deceive and which does deceive," whereupon the trial court defined actual and constructive fraud and charged the elements of fraud in the inducement.

It is clear the jury was directed to consider solely the acts of defendant Karl Byers and not those of defendant GIS. Nothing in these instructions purports to authorize a verdict against defendant GIS on the basis of fraud in the inducement. We find no error.

4. Defendant GIS's Request to Charge No. 13 sought credit toward the purchase price for payments made by defendants which

"inured to the benefit of the Plaintiff, conferred value to her to the extent of the payment, or satisfied obligations she would have otherwise had to satisfy. . . ." The failure of the trial court to give this instruction is enumerated as error.

"A request to charge must embody a correct, applicable and complete statement of law, legal and perfect in form and adjusted to the pleadings and evidence; it must not be argumentative or seek an expression of opinion on the part of the court; and it must not be so phrased so as to have tendency to confuse and mislead the jury or to becloud the issues in the case. [Cits.]" *Cohen v. Sapp*, 110 Ga. App. 413, 415 (2) (138 SE2d 749), overruled on other grounds, *Peppers v. Smith*, 151 Ga. App. 680 (1), 681 (261 SE2d 427).

The trial court's instruction on equitable recoupment did not itself adequately address whether defendants were entitled to any reduction of the purchase price for payments made by defendants as contemplated in paragraph 2 of the agreement sued upon. But the trial court did not err in failing to give defendant GIS's request as drafted. The request failed to relate to the specified items for "amounts past due," as contemplated in paragraph 2 of the agreement, and so was argumentative and misleading.

5. The seventh, eighth, and ninth enumerations complain of the denial of j.n.o.v. as to plaintiff's claim for breach of an alleged employment contract. Defendant GIS argues the trial court erred in permitting plaintiff to amend her pleadings and to prove her employment contract with parol evidence. We disagree.

(a) "If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of the evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet the evidence." OCGA § 9-11-15 (b). " 'The fact that [such amendment] involves a change in the nature of the cause of action, or the legal theory of the action, is immaterial so long as the opposing party has not been prejudiced in presenting his case. . . .' [Cit.]" *Hirsch's v. Adams*, 117 Ga. App. 847, 848 (1) (162 SE2d 243).

Here, defendant GIS did not request a continuance in order to meet the new evidence nor did it demonstrate to the trial court how it would be prejudiced. In our view, defendant GIS has failed to demonstrate how the trial court abused its broad discretion in permitting plaintiff to amend the complaint during trial to allege breach of an employment contract whereby plaintiff was to be paid $1,000 per month for 12 months to act as the GIS office manager. *Abernethy v.*

*Cates*, 182 Ga. App. 456, 460 (8) (356 SE2d 62).

(b) Over defendant GIS's objection that such a contract would be subject to the statute of frauds so that "hearsay would [not] be admissible to prove it," the trial court permitted plaintiff to testify orally as to the terms of her written management contract. This evidentiary ruling is enumerated as error.

"Written evidence of a writing is considered of higher proof than oral evidence. In all cases where the parties have reduced their contract, agreement, or stipulation to writing and have assented thereto, such writing is the best evidence of the same." OCGA § 24-5-4 (b). "The best evidence which exists of a writing sought to be proved shall be produced, *unless its absence is satisfactorily accounted for.*" (Emphasis supplied.) OCGA § 24-5-4 (a). "In order to admit secondary evidence, it shall appear that the primary evidence for some sufficient cause is not accessible to the diligence of the party." OCGA § 24-5-2.

"In *Renner v. Bank of Columbia*, 9 Wheat. (U. S.) 581, 596 (6 LE 140), the Supreme Court [of the United States] said: 'If the original (writing) is lost, by accident, and no fault is imputable to the party, it is sufficient (to present secondary evidence). . . . Every case of this kind must depend, in a great measure, upon its own circumstances. This rule of evidence must be so applied as to promote the ends of justice, and guard against fraud or imposition. If the circumstances will justify a well grounded belief, that the original paper is kept back by design, no secondary evidence ought to be admitted; but when no such suspicion attaches, and the paper is of that description that no doubt can arise as to the proof of its contents, there can be no danger in admitting the secondary evidence.' [Cit.]" *Jefferson Pilot Fire &c. Co. v. Prickett*, 176 Ga. App. 810, 812 (338 SE2d 19). In the case sub judice, the existence of a separate contract for office management was confirmed during cross-examination of Tony Layson. Plaintiff testified this employment contract was in writing and signed by defendant GIS via defendant Byers but that defendant Byers failed or refused to give her a copy, despite her repeated demands. Finally, defendant Karl Byers told plaintiff that "it [the document] was lost and he [Karl Byers] couldn't find it." This is, in our view, a sufficient showing of non-fraudulent inaccessibility of the document to plaintiff's diligence as to authorize the trial court to admit oral evidence of the terms of the contract. "[P]roof that one has made a diligent but vain effort to produce a lost or destroyed paper requires the admission of secondary evidence as to its contents." *Jefferson Pilot Fire &c. Co. v. Prickett*, 176 Ga. App. 810, 814, supra.

(c) Plaintiff testified she was to receive $1,000 per month as office manager but that she had been paid only $2,000 in $500 installments. This was sufficient to make out a prima facie case for

breach of the management contract. Consequently, the trial court's denials of defendant GIS's motions for directed verdict and j.n.o.v. were correct.

6. Defendant GIS's tenth enumeration contends the trial court erred in admitting evidence of the subsequent resale of the insurance business by GIS to individuals named Layson and Teel. The stated objection at the time was: "I don't know what it has to do with this case. There's going to be enough for the jury to consider and worry about without worrying about the relationship between Layson and Teel and [defendant] Byers. I don't know what that contract has to do with anything."

"Such an objection is entirely too vague, ambiguous and general to constitute a proper objection. *Hayes v. State*, 36 Ga. App. 668, 669 (1e) (137 SE 860); *Wilson v. McConnell*, 36 Ga. App. 767 (1b) (138 SE 244)." *Glaze v. Bailey*, 130 Ga. App. 189, 191 (4) (202 SE2d 708).

## Case No. A97A1847

7. In this cross-appeal, plaintiff enumerates the grant of j.n.o.v. to defendant Karl Byers individually. She argues she presented sufficient evidence of fraud to pierce the corporate veil and hold defendant Byers personally responsible.

" '[T]he corporation is prima facie a distinct legal entity with rights and liabilities which are separate from those of [its shareholders].' *Midtown Properties, Inc. v. Geo. F. Richardson*, 139 Ga. App. 182, 185 (228 SE2d 303)." *Jones v. Adamson's, Inc.*, 147 Ga. App. 282, 283 (4) (248 SE2d 514). " '(O)ne who deals with a corporation as such an entity cannot, in the absence of fraud, deny the legality of the corporate existence for the purpose of holding the owner liable.' *Lamas v. Baldwin*, 140 Ga. App. 37, 40 (230 SE2d 13)." *Williams Plaza v. Sedgefield Sportswear &c.*, 164 Ga. App. 720, 723 (297 SE2d 342).

In support of her contention, plaintiff presented evidence that defendant Karl Byers agreed to purchase plaintiff's business while concealing from her his intent to transfer his interest immediately to the third parties, Layson and Teel, to whom plaintiff had previously refused to sell her agency. These circumstances simply do not amount to any evidence of an intentional misrepresentation of material fact by defendant Karl Byers upon which plaintiff reasonably relied to her detriment, as would authorize piercing the corporate veil in order to hold defendant Karl Byers personally liable for the debts of defendant GIS. "There [being] nothing to demonstrate that the [defendant Corporation (GIS)] was a sham or that [defendant Karl Byers] made false or misleading representations to [plaintiff, there] is no evidence of fraud." *Hickman v. Hyzer*, 261 Ga. 38, 40 (3), 41 (401 SE2d 738). The grant of j.n.o.v. to defendant Byers was correct.

*Judgments affirmed. Beasley and Smith, JJ., concur.*

DECIDED MARCH 12, 1998.

*Westmoreland, Patterson & Moseley, Stewart R. Brown,* for appellants.
*Michael A. Lewanski,* for appellee.